STATE, GEORGE PFEIFFER, PROSECUTOR, v. GEORGE W. MILES, COLLECTOR, &c.

1. An assessment for taxes upon real estate will not be invalidated by the failure of the assessor to designate the real estate by such a description as would be sufficient to ascertain its location and extent. Such a description is only indispensable to create a lien on the real estate, and in its absence, the tax may be enforced by any other lawful proceeding.

2. But, when a deficient description is brought up by *certiorari,* if the authorities desire an amendment so as to perfect a lien on the real estate, such an amendment will be made under the act of 1881. *Pamph. L., p.* 194.

*Certiorari* to remove an assessment for taxes.

Argued at February Term, 1886, before Justices SCUDDER and MAGIE.

For prosecutor, *Alfred Hugg.*

The opinion of the court was delivered by ,

MAGIE, J. This writ has brought before us an assessment for taxes for 1884, in the township of Stockton, in the county of Camden, made upon real estate.

The only objection made by the prosecutor to the assessment is based on the allegation that the assessor did not designate the real estate assessed by such a description as would make the tax a lien thereon.

Since there is nothing before us to show that any proceedings have been taken to sell the lands in question, it does not appear that the prosecutor has been at all aggrieved by the alleged error.

But his contention is that a short description of any real estate assessed for taxes is essential to the validity of the tax. In my judgment this is not to be conceded.

Lands were first made subject to sale for taxes by the act of March 17th, 1854, (*Rev.*, *p.* 1163,) but the remedy was restricted to the lands of nonresidents. Hence, although the first section of that act made it the duty of the assessors to designate real estate assessed by such a short description as would be sufficient to ascertain its location and extent, it was doubted whether this requirement was other than directory, and only indispensable to authorize a sale of lands of nonresidents. *State* v. *Hoffman*, 1 *Vroom* 346. The tax law of 1866 required the assessor to designate real estate assessed to any person only when he had reason to suppose it might be difficult to collect the tax by warrant against his goods, chattels and person. *Rev.*, *p.* 1154, § 69. The supplement of 1873, making all real estate salable for taxes, (*Rev.*, *p.* 1165, § 124,) and the act of 1879, prescribing the extent and limit of the lien of taxes on real estate, and the mode of enforcing the same in townships, (*Pamph. L.* 1879, *p.* 340,) contain no directions for a description of real estate in all cases. While doubtless such a description ought, out of caution, to be given, and is absolutely essential to the lien of the tax, I am unable to discover that its absence will invalidate the tax or exonerate

the owner from being compelled to pay the tax by such pro-
ceedings as may be resorted to without a lien.

For these reasons the prosecutor does not appear to be en-
titled to any relief, and it would follow that his writ should
be dismissed.

But he has brought the assessment into this court. It ap-
pears on its face that the authorities on whom was imposed
the duty of assessing taxes have intended to charge the tax
assessed upon this land. It is indeed questionable whether
the description they have adopted, is not such a compliance
with the statute as to constitute the tax assessed a lien upon
the land in question. If there is any doubt on that subject, it
is now well settled that this court may so amend the descrip-
tion as to put any question on this point at rest.  *Pamph. L.*
1881, *p.* 194 ; *Conover* v. *Honce*, 17 *Vroom* 347.

In this view of the case before us, the court will permit
the defendant to apply for an amendment during the present
term. If on such application the description is amended, the
tax proceeding will be affirmed as amended, but without costs.
If no application to amend is so made, the writ will be dis-
missed, with costs.