## WILLIAM SHILLINGSBURG v. FRANK B. RIDGWAY, COLLECTOR.

Submitted December 10, 1902—Decided February 24, 1903.

In order to sustain a tax for visible personal property, levied against an inhabitant of this state elsewhere than at the place of his residence, it must be shown that the property was found in the taxing district on the day prescribed by law for commencing the assessment of taxes.

On *certiorari* in matter of taxation.

Before Justices DIXON and HENDRICKSON.

For the prosecutor, *Harrison H. Voorhees.*

For the defendant, *Hampton & Fithian.*

The opinion of the court was delivered by

DIXON, J. This writ of *certiorari* is prosecuted to set aside taxes for the year 1901 levied upon the prosecutor in the town of Greenwich, county of Cumberland, because of his ownership of seven vessels engaged in the oyster business in Delaware bay. The prosecutor is, and for many years past has been, a resident of the city of Camden, where the vessels are registered under the United States statute, and he was taxed for them in that city during the same year.

The sixth section of "A general act concerning taxes," approved March 19th, 1891 (*Gen. Stat., p.* 3344), enacts "that the tax on visible personal estate shall be assessed in and for the * * * taxing district where such property is found; the tax on other personal estate shall be assessed on each inhabitant in the * * * taxing district where he resides, as of the day prescribed by law for commencing the assessment for each year." The pre-existing act, approved April 11th, 1866 (*Gen. Stat. p.* 3293, § 6), required the tax on

personal property to be assessed upon each inhabitant, in the township or ward where he resided on the day prescribed by law for commencing the assessment in each year.

Construing these acts together, their import seems to be that, for personal property belonging to an inhabitant in this state, he should be assessed at the place of his residence on the day for commencing the assessment, except that for visible personal property found elsewhere in this state on that day he should be assessed at the place where it is found.

Under this construction of the statutes, taxes for personal property cannot be levied on an inhabitant in this state, elsewhere than at the place of his residence, unless it appear that the property was visible and was found in the taxing district on the day prescribed by law for commencing the assessment.

The evidence in this case shows that during the year 1901 the vessels were either on the waters of the Delaware bay or at a pier in Greenwich township, but it fails to show that they were within the limits of the township on the day prescribed by law for commencing the assessment. We think the greater probability is that they were then elsewhere.

We therefore conclude that the tax was not lawfully assessed, and should be set aside, with costs.