WILLIAM SHILLINGSBURG, PROSECUTOR, v. THE TOWN-
SHIP OF GREENWICH, IN THE COUNTY OF CUMBER-
LAND, RESPONDENT.

Submitted March 21, 1912—Decided June 5, 1912.

1. The county boards of taxation are bound to keep a record of
   their proceedings, and the addition of alleged omitted property
   to the duplicate of assessments for taxes requires the action of
   the board, which is not complied with by a direction to its
   secretary, given by one of its members to add omitted property
   without proof by record or otherwise that such was the de-
   termination of the board.
2. In case such board adds to the duplicate omitted property, it
   must give to the owner immediate notice thereof and of the time
   and place of the next meeting of the board, and the entry of
   omitted property on the tax list is not a binding assessment
   without proof of such notice.

On *certiorari* to review tax assessment.

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *Harrison H. Voorhees* and *William A.
Logue.*

For the defendant, *Walter H. Bacon.*

The opinion of the court was delivered by

BERGEN, J. This writ seeks to review a tax assessment
laid in 1910 upon five oyster boats belonging to the prose-
cutor. The facts appearing are that prosecutor resides in
Camden, New Jersey, where the boats were assessed for tax-
ation in 1910, and taxes paid; that the boats are used for
planting and gathering oysters in Delaware bay on the shore
of the State of Delaware; that they are used in the months
of May and June in each year for planting oysters; that on
each Friday or Saturday nights during these months they
return to Greenwich to get supplies and remain over Sun-

day; that May 20th, 1910, they came to the dock at Greenwich, arriving about 4:30 P. M. and were tied to the wharf, but were not assessed by the assessor of the township; that Harry B. Bamford was employed by the county board of taxation to go to Greenwich on May 20th, 1910, to see whether the boats were there and waited until after 4:30 P. M. when the boats came in; that he reported the result of his observations to the chairman of the county board of taxation; that the assessment was inserted in the assessor's duplicate about September 1st, 1910, by the secretary of the county board under directions from the president; that no record of this proceeding was made by the county board beyond that contained in the amended duplicate book; that there was no evidence taken by that board of the value of the boats; that no immediate notice was given to the owner of this action, or of the time and place of the next meeting of the board for review thereof.

This prosecutor had a tax of like nature set aside in *Shillingsburg* v. *Ridgway,* 40 *Vroom* 113, upon the ground that there was no proof that the boats were found in Greenwich township on May 20th when the assessment for taxes begins, but in that case Judge Dixon, speaking for this court, said that visible property was taxable where found on the 20th day of May, and that case binds this court. Whether boats found in the morning in Camden and there assessed, can be also assessed in another place to which they may move in the evening of the same day was not decided, and this case does not require its solution, because this assessment and the proceedings thereunder must be set aside for the following reasons: the boats were not assessed by the assessor, but added to the duplicate by the order of the president of the county board of taxation as omitted property, and while section 4 of the act of 1906 (*Comp. Stat., p.* 5118) authorizes the county board to add any property to the duplicate which has been omitted or overlooked, and to do all things necessary for the taxation of all property, there is no record in this case showing any such action; all that appears is that the president of the board directed the secretary to add to the

duplicate what now appears. The president has no such power; it can only be done by the action of the board, and no such action is shown.

This court has held that the proceedings of the county board, it being a special tribunal, must show on its record the necessary facts to give jurisdiction (*Eatontown* v. *Electric Co.*, 46 *Vroom* 459), and the statute creating the county boards of taxation, among other things, declares that "the said board shall keep a full record of its proceedings." *Pamph. L.* 1906, *p.* 210, § 3; *Comp. Stat.*, *p.* 5117, § 37r.

In this case there is no such record, nor does it appear the county board took any action in the matter; all that the testimony shows is that the president, of his own motion, directed the assessment without even the formality of ascertaining the true value of the property assessed.

There is another reason why this assessment is illegal. The power of the county board to add omitted property is based upon the authorization given to the board charged with the revision of taxes by section 28 of "An act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 394; *Comp. Stat.*, *p.* 5107), which power is conferred upon the county boards of taxation by section 9 of a supplement to the act last mentioned (*Pamph. L.* 1906, *p.* 210; *Comp. Stat.*, *p.* 5120), but to make such action legal, immediate notice must be given to the owner of such addition and also of the time and place of the next meeting of the board. The notice prescribed by the statute was not given the prosecutor, and he had no such knowledge of the action of the board as the statute entitled him to have until his boats were advertised for sale.

The assessment and proceedings thereunder will be set aside.