DUKE POWER COMPANY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS OF THE STATE OF NEW JERSEY AND HILLSBOROUGH TOWNSHIP, DEFENDANTS.

Argued October 6, 1942—Decided February 10, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Pitney, Hardin & Ward* (*Shelton Pitney*).

For the defendants, *W. Eddy Heath, Frederick C. Vonhoff, Edward R. McGlynn* and *Joseph Weintraub.*

BODINE, J.   This writ brings before us for review a judgment of the State Board of Tax Appeals dated June 2d, 1942, fixing an assessment against the prosecutor's intangibles in Hillsborough Township, Somerset County of $11,604,815.44, for the tax year 1939.   The case was before the State Board on an appeal from a determination of the Somerset County Board of Taxation fixing an assessment of $8,143,159, and an amended assessment of $21,953,125.   These assessments had been made on November 18th, 1940, and November 22d, 1940, respectively, under circumstances to be hereafter related.

The jurisdiction of the County Board is challenged as it may well be, even though an appeal was taken to the State Board.   Further, if the County Board lacked jurisdiction on the merits so did the State Board.   *Oradell* v. *State Board of Tax Appeals, 125 N. J. L.* 37.

The State Board's judgment contained a finding that on the tax date, October 1st, 1938, the prosecutor possessed the following intangible personal property of the values stated:

| | |
|---|---|
| Cash in banks | $6,364,430.58 |
| Cash on hand | 11,962.35 |
| Notes, accounts and interest receivable | 5,005,460.21 |
| Stocks in foreign companies | 5,834,705.08 |
| Bonds of other companies | 83,079.00 |
| Bonds of North Carolina and of municipalities therein | 151,845.65 |

The prosecutor is a New Jersey corporation and on the tax day in 1938 had its chief office in Hillsborough Township, Somerset County.   Its charter prohibits any activities in this state.   Its only property in this state are the transfer and stock books which must be kept here.   All of the intangible property was secured and used in the course of business in the states mentioned.   The transmission lines and plant are operated from a main office in Charlotte, North Carolina, and all its property is taxed under the Machinery Act of that state—a tax upon intangibles.   The real and personal prop-

erty situate in each state was also taxed. The intangibles were, of course, subject to taxation in this state if they do not fall within the exemption provided under *N. J. S. A.* 54 :4-3.2. *Newark Fire Insurance Co.* v. *State Board of Tax Appeals,* 118 *N. J. L.* 525; *New Jersey Insurance Co.* v. *State Board of Tax Appeals,* 119 *Id.* 245.

The proceeding originated in a letter to the township committee suggesting that personal property of a large corporation was not being taxed for the year 1939. The charge was made July 10th, 1939. The writer was employed on a percentage basis to bring in the taxes. Thereafter, the township collector made complaint to the Somerset County Board of Taxation of the omission from the assessment of intangible personal property as follows: "Cash, $5,602,986; Accounts, Notes and Interest Receivable, $5,268,663; Municipal Bonds, $246,308, Stocks, Bonds and other investments, $6,480,313; Deferred Charges, $75,607." From the complaint on prosecutor's motion all items save "cash" were struck. This action finds support in *Newark* v. *Essex County Board of Taxation,* 127 *N. J. L.* 527. The provisions of *N. J. S. A.* 54 :4-15 do not apply to cash in this state, if there was any, since it is exempt under *N. J. S. A.* 54 :4-3.23. *MacPherson* v. *State Board,* 127 *N. J. L.* 599.

On November 13th, 1940, the County Board heard the case on the "cash" items. However, on November 18th, 1940, by resolution at an *ex parte* hearing, it fixed an assessment on the basis of estimates of the value of intangibles made by certain persons who made affidavits. On November 22d, 1940, the following resolution was passed: "Be it resolved that there be entered upon the tax lists and duplicates for Hillsborough Township for the taxing year 1939 a total assessment of $21,953,125 (Twenty-one Million, nine hundred fifty-three thousand, one hundred twenty-five dollars), thus amending an assessment determined by this Board on November 18th, 1940, against Duke Power Company, a New Jersey corporation covering omitted 'cash' only, which total amount represents the true value of intangible personal property wholly omitted by the local assessor for Hillsborough Township, Somerset County, New Jersey, on the assessing

date, October 1st, 1938." By no such method could it make "cash" out of things not such.

The prosecutor had no notice of the hearing. It contends that both notice of the complaint and of the hearing thereon were necessary under *N. J. S. A.* 54:3-20. A mere notice was sent advising it of the amended assessment couched in the following language: "You are hereby notified of the entry of an amended assessment of $21,953,125 against Duke Power Company, a New Jersey corporation covering *intangible* taxable assets of said corporation for the taxing year of 1939, in Hillsborough Township, Somerset County, New Jersey. A true copy of the resolution fixing the aforesaid assessment is herewith enclosed." This resolution is to be found above. It specifies nothing but advises that there is a tremendous tax to be paid, if valid. The subterfuge of the resolution to make intangibles "cash" was dropped.

The prosecutor later received the following notice: "Please take notice that the next meeting of Somerset County Board of Taxation will be held at the Court House in Somerville, New Jersey, at 10 A. M. on Monday, December 2d, 1940."

In compliance therewith its counsel attended at the time specified and was told by the president of the Board: "We didn't ask you to be here. We simply notified you that we would have our regular meeting to-day and the reason for that was that if you desired to examine the records of the Board of that meeting [of November 22d, 1940] it was your privilege to do it."

A claim for exemption then presented was not allowed in evidence but was filed in the Board's records.

*N. J. S. A.* 54:3-20 provides a method for the inclusion of property omitted by the assessor and another method for the inclusion of property omitted from the assessment. Let us glance first at the procedure when property is omitted from the assessment. "On the written complaint of the collector, or any taxpayer of the taxing district or of the governing body thereof, that property specified has been omitted in the assessment, the county board, on *five days'* notice in writing to the owner by the party complaining, and after *due examination and hearing,* may enter the omitted property on the duplicate by *judgment rendered within ten days* after the

hearing. * * * *Such proceeding may be brought within one year from the date when taxes on real property become a lien."* The italics supplied.

There was no compliance whatever with the provisions of the law as we have seen. The notice was, in part, defective and there was no notice of the hearing when the question of the value of intangibles was determined, and no proceeding in a judicial manner as required by law. *Duke Power Co.* v. *Essex County Board of Taxation,* 122 *N. J. L.* 589; *affirmed,* 124 *Id.* 41; followed in *Porto Rican, &c.,* v. *Essex County Board of Taxation,* 122 *Id.* 595; *affirmed,* 124 *Id.* 134; *Sun Oil Co.* v. *Essex County Board of Taxation,* 122 *Id.* 594; *affirmed,* 124 *Id.* 133.

The defendants contend that their proceedings were proper because it was under the first part of *N. J. S. A.* 54:3-20, which reads as follows: "The county board of taxation shall, by resolution, cause to be entered upon the tax duplicate a proper assessment against any property *omitted* by the assessor. The board shall then give immediate notice of such entry and of the time and place of its next meeting to the owner of the property affected, and furnish a copy of the entry to the clerk or collector of the taxing district, who shall enter it on his tax list."

There is a vast difference between the inclusion of property omitted by the assessor and property omitted from the assessment.

*N. J. S. A.* 54:4-55 provides: "The county board of taxation shall, on or before April first in each year, cause the corrected, revised and completed duplicates, certified by it to be a true record of the taxes assessed, to be delivered to the collectors of the various taxing districts in the county, and the tax lists shall remain in the office of the board as a public record." This limits action with respect to property omitted by the assessor to April 1st, 1939.

*N. J. S. A.* 54:4-47 provides: "The county board may adjourn from time to time in the discharge of its duties, and may, after investigation, revise, correct and equalize the assessed value of all property in the respective taxing districts, increase or decrease the assessed value of any property not truly valued, *add* to the lists and duplicates any property

which has been omitted or overlooked, at its true value, and in general do everything necessary for the taxation of all property in the county equally and at its true value."

But the time for this action finds a limitation in the following provision of law (*N. J. S. A.* 54:3-21) : "A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district is the county, *may on or before August fifteenth* appeal to the county board of taxation by filing with it a petition of appeal. A copy thereof shall also be filed with the clerk or attorney of the taxing district, setting forth the cause of complaint, the nature and location of the assessed property and the relief sought. The petition shall be signed and sworn to by the petitioner or his agent, and shall be in such form and contain such further information as may be from time to time prescribed by rule of the board, for the better understanding and determination of the appeal." This limits an appeal to a period closed August 15th, 1939.

*N. J. S. A.* 54:3-26 provides : "The county board of taxation shall hear and determine all such appeals within three months after the last day for filing such appeals, and shall keep a record of its judgments thereon in permanent form, and shall transmit a memorandum of its judgment to the taxpayer, and in all cases where the amount of tax to be paid shall be changed as a result of an appeal, to the collector of the taxing district." This requires a determination before November 15th, 1939.

That there must be some limit of time as to the settlement of tax controversies is apparent from the statute and the cases. *Kenilworth* v. *Board of Equalization,* 78 *N. J. L.* 302 ; *Acquackanonk Water Co.* v. *Passaic County Board,* 88 *Id.* 555.

The County Board could not, on its own motion, make the assessment on November 22d, 1940, and then act as an appellate body on December 2d, 1940. It was not acting accord-

ing to law at either time. It might just as well have taken the figures for the assessment out of a news report.

The assessment was made on the complaint of an aggrieved taxpayer, and the procedural direction of the statute required a specific notice to the owner of the precise property claimed to be omitted from the assessment and a hearing upon notice and a deliberate judgment.

The underlying question in the case is the proper construction of the statute *N. J. S. A.* 54:3-20 and a determination as to whether there is a difference in the phraseology "property omitted by the assessor" and "property omitted in the assessment." Both phrases have occurred in our statutes since *Pamph. L.* 1848, *p.* 230, was enacted. The first statute had two paragraphs. They were combined in substantially the present form in the Revision of 1903. If property in a taxing district is omitted by the assessor it must be added to the assessment before April 1st. Its addition decreases the amount of taxes to be raised since the ratables are thereby increased. The taxpayer is not embarrassed. He knows he will have a tax to pay and is liable anyway even if the property was not included in the assessment. However, if property is added to the assessment after the rate has been fixed it gives rise to a municipal windfall. There is no harm in this if there were due notice and a fair hearing by the County Board and a judicial determination by it. The procedure adopted in this case was not in accordance with the statute. Property omitted by the assessor must be added before April 1st, so that the rate of taxation may be determined. Thereafter, the addition of property omitted from the assessment must be in accordance with the part of the statute first quoted. *Mitsch* v. *Riverside,* 86 *N. J. L.* 603; *Shillingsburg* v. *Greenwich,* 83 *Id.* 129.

The duplicates, when delivered by the county boards under *N. J. S. A.* 54:4-55, must be certified by these boards "to be a true record of the taxes assessed." That means rates and amounts of taxes in addition to valuations. These rates and amounts of taxes are ascertained and fixed by the county boards under *N. J. S. A.* 54:4-48 and 54:4-49 upon reports made of needed funds for state, county and district purposes

under *N. J. S. A.* 54:4-42, 54:4-39, 54:4-40 and 54:4-41, and they may be ascertained and fixed only by the county boards under the statute.

Even if the statute did not require notice and a hearing, when property omitted in the assessment is to be added, still common justice would require such a proceeding. *Jersey City* v. *Board of Equalization,* 74 *N. J. L.* 753.

However, under our statutes the property in question was exempt from taxation. "The personal property owned by citizens or corporations of this state, situate and being out of the state, upon which taxes shall have been actually assessed and paid within twelve months next before October first, being the day prescribed by law for commencing the assessment shall be exempt from taxation under this chapter." *N. J. S. A.* 54:4-3.2.

Personal property is defined in *N. J. S. A.* 1:1-2 as follows: " 'Personal Property' includes goods and chattels, rights and credits, moneys and effects, evidences of debt, choses in action and all written instruments by which any right to, interest in, or lien or encumbrances upon, property or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, in whole or in part, and everything except real property as herein defined which may be the subject of ownership."

The question is one of fact. There is no doubt that all the property assessed was out of the state. The question is simply whether taxes were actually assessed and paid thereon within twelve months next before October 1st of the year in which the assessment should have been made.

The Machinery Act of North Carolina is chapter 291 of the Public Laws 1937. It imposes a tax upon all property tangible and intangible within the state. The taxes raised are apportioned among the subdivisions of the state as taxes are apportioned under several of our taxing statutes imposing taxes upon public service corporations. The proofs show the assessment and payment of taxes in accordance with the act. The tax dates may vary somewhat, but for the twelve months prior to the assessment date there can be no doubt of the assessment and payment of taxes upon all the property included in the assessment here questioned.

The proofs clearly demonstrate that taxes had been assessed and been paid in North Carolina upon the property included in the assessment by the State Board. There was no basis for a conclusion that the property did not fall within the exempting statute. At all events, the only item included in the assessment when perhaps the proper procedure was complied with before the County Board, *i. e.,* "cash," was taxed in North Carolina so that the exemption statute of necessity applied.

Since none of the property in question was liable to taxation in Hillsborough Township, we need not consider the application of the remedial statutes *N. J. S. A.* 54:4-58 to 54:4-60. However, the remedial statutes we do not find to have been a substitute for proper assessment. Their application has been only in instances where property has been omitted by the assessor or has been assessed in the name of one other than the true owner. *Musconetcong Iron Works* v. *Borough of Netcong,* 90 *N. J. L.* 58; *Manistee Iron Works* v. *Raritan,* 12 *N. J. Mis. R.* 143. But they do not apply where the statute for the addition of property omitted from the assessment is not complied with. *Mitsch* v. *Riverside, supra; Shillingsburg* v. *Greenwich, supra.*

Since the property assessed was not subject to taxation and since the procedure before the State Board was no substitute for a proper proceeding before the County Board, the assessment is set aside and the judgment is reversed.