## CROMWELL v. HILLSBOROUGH TP. et al.
### No. 1665.

District Court, D. New Jersey.

July 14, 1944.

See, also, 53 F.Supp. 209.

Pitney, Hardin & Ward, of Newark, N. J. (Shelton Pitney, of Newark, N. J., of counsel), for plaintiff.

Clarkson A. Cranmer, of Somerville, N. J., and Kessler & Kessler, Samuel I. Kessler, Cox & Walburg, and Harry E. Walburg, all of Newark, N. J., for defendants.

FAKE, District Judge.

The issues here arise on three motions which will be considered in numerical order.

1. This is a motion for summary judgment declaring four certain resolutions, referred to in paragraphs 18 and 19 of the complaint, adopted by the Somerset County Board of Taxation on June 26, 1941, and the assessments of properties made and tax bills issued thereon by the Township of Hillsborough, to be null and void for the reasons alleged in paragraphs 17 and 21 through 32 of the complaint herein as by reference thereto will more fully appear.

In this connection the uncontroverted affidavit of Shelton Pitney filed herein discloses that the said resolutions were adopted and the assessments were made without notice to the plaintiff either in her individual or representative capacity, contrary to the form of the Statute, Sec. 54:3–20 of the Revised Statutes of New Jersey, N.J.S.A. as construed in Duke

Power Co. v. State Board of Tax Appeals, 129 N.J.L. 449, 30 A.2d 416, affirmed 131 N. J.L. 275, 36 A.2d 201. The said resolutions and subsequent proceedings thereon by the Township of Hillsborough are therefore null and void and the motion for summary judgment in favor of plaintiff, individually and as trustee against the Township of Hillsborough and Christopher G. Horner, Collector, is granted.

2. This is a motion directed by defendants to a dismissal of the complaint on the ground that (a) the court has no jurisdiction, (b) the court in its discretion should refuse to entertain jurisdiction, (c) that plaintiff has an adequate remedy in the State administrative bodies and in the State courts.

No serious argument has been directed to sustain lack of jurisdiction. As to the discretionary power of the court the case of Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407, is cited as authority. The allegations of discrimination in the complaint herein differentiate the instant case from that above cited and this court has heretofore passed on it in an opinion filed on July 30, 1942. I there considered carefully the subject of discrimination as it is found in the case law of the State finding that the existing State law is in conflict with the Federal constitution. The reasoning there applies here as well. The point is therefore not well taken here.

As to the adequacy of the remedies before the administrative bodies of the State, it is my view that even though by virtue of the ruling in Duke Power Co. v. State Board of Tax Appeals, supra, it may be said that there is an adequate State administrative remedy, there is no point in sending the issue there when this court can and does retain jurisdiction on the ground of discrimination. See Chicago G. W. R. Co. v. Kendall, 266 U.S. 94, 45 S.Ct. 55, 69 L.Ed. 183. The motion is denied.

3. This is a motion for judgment in favor of the defendant Charles V. N. Davis, Assessor, on the ground that there is no genuine issue of any material fact as to him. The lack of an issue against him is conceded. A judgment will therefore be entered in his favor against the plaintiff.

The prevailing parties are entitled to their respective costs to be taxed.