KULLMAN DINING CAR CO., INC., A NEW JERSEY COR-
PORATION, PLAINTIFF, v. BOROUGH OF EAST PATER-
SON, NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 27, 1967.

*Mr. Harry Steiner* for plaintiff (*Messrs. Schapira, Steiner & Walder,* attorneys).

Mr. *Robert H. Biscamp* for defendant (*Messrs. Andora & Baron,* attorneys).

BOTTER, J. S. C. As the seller of personalty under a conditional sales contract plaintiff asserts a lien on the property superior to a municipality's claim for personal property taxes accruing after the conditional sales contract was recorded. Plaintiff sues for the return of taxes paid under protest to defendant in order to obtain permission to remove the property (a diner and its contents) from the municipality. Plaintiff and defendant have each moved for summary judgment, with plaintiff relying upon *Universal C. I. T. Credit Corp. v. Borough of Paramus,* 90 *N. J. Super.* 435 (*Law. Div.* 1966), affirmed 93 *N. J. Super.* 28 (*App. Div.* 1966), certification denied 48 *N. J.* 580 (1967). There it was held that the lien arising after a distraint by the municipality for personal property taxes was inferior to the lien of a chattel mortgage which antedated the distraint. A different result is reached in the case at hand.

In September 1962, by conditional sales contract, plaintiff sold the diner and its contents to Domenico Pugliese for installation on property owned by others in East Paterson, New Jersey. Personal property taxes were thereafter assessed for the diner and its contents in 1963, 1964 and 1965, but not in plaintiff's name. In 1965 the assessment was against "Town House Diner." Pugliese defaulted in payments and the property was repossessed by plaintiff on or about March 29, 1965. Plaintiff sought to remove the property from East Paterson but was prevented from doing so until unpaid taxes for the years 1963, 1964 and 1965 were paid. The municipality levied a distraint for nonpayment of taxes on or about March 29, 1965.

Plaintiff contends that the municipality had no lien against the property for personal property taxes accruing prior to a distraint against the property, and that plaintiff has a prior lien by virtue of its conditional sales contract recorded on October 2, 1962 in the office of the county clerk. Defendant

contends that this case is distinguishable from the *Universal C. I. T.* case, *supra,* because this case involves a conditional sales contract wherein title to the property is expressly reserved to plaintiff, the conditional vendor, and because the municipality has invoked a moving permit ordinance adopted pursuant to *N. J. S. A.* 40:52A–1 *et seq.* which, in effect, creates a paramount lien for personal property taxes. This statute authorizes a municipality by ordinance to require a person "owning or claiming to own any tangible personal property" in the municipality to apply for a moving permit before removing the property from the municipality. The ordinance may also provide that the tax collector shall notify the persons seeking to remove the personal property of the amount of taxes owed and that the person owning or claiming to own the property "shall be liable to pay not only the taxes priorly assessed and unpaid as aforesaid but shall also be liable to pay the taxes for the year for which assessment is being made at the time of such application". *N. J. S. A.* 40:52A–2, 4. No permit for the removal of such personal property shall be issued "unless and until such taxes, interest and other charges have been paid in full * * *." *N. J. S. A.* 40:52A–5. The Borough of East Paterson has adopted an ordinance in the terms authorized by the statute. The municipality argues that regardless of the question of lien status, plaintiff, as a conditional vendor, was primarily liable for the taxes notwithstanding that they were not assessed in plaintiff's name.

In the absence of a specification by statute some courts hold that property sold under a conditional sales contract is taxable to either the seller or the buyer, and some courts hold that the conditional seller is liable for the tax. However, the prevailing view is that the buyer in possession is solely responsible for taxes on the property. 51 *Am. Jur., Taxation,* § 432, *p.* 450; see also Annotation, "Conditional sales in relation to taxation," 110 *A. L. R.* 1499 (1937) and Annotation, "Who is liable for tax in case of conditional sale, or option for purchase, of personal property," 116

*A. L. R.* 325 (1938). The majority view is justified on the theory that the buyer in possession is the beneficial owner and the conditional vendor has primarily a security interest, notwithstanding the express reservation of title. *State v. White Furniture Co.,* 206 *Ala.* 575, 90 *So.* 896 (*Sup. Ct.* 1921) ; *Alban Tractor Co. Inc. v. State Tax Commission,* 219 *Md.* 593, 150 *A. 2d* 456 (*Ct. App.* 1959) ; *San Diego County ex rel. Whelan v. Davis,* 1 *Cal. 2d* 145, 33 *P. 2d* 827 (*Sup. Ct.* 1934).

Our statutes do not expressly choose between the conditional seller and buyer for the imposition of personal property taxes. *N. J. S. A.* 54 :4–1 provides that personal property shall be subject to taxation annually. It further provides that the person assessed for personal property shall be personally liable for the taxes thereon. See also *N. J. S. A.* 54 :4–9. These sections of the tax laws do not prescribe that the property shall be assessed and taxed to the "owner," although the intent is to secure the assessment and taxation of property against the owners thereof. See *N. J. S. A.* 54 :4–54 and *N. J. S. A.* 54 :4–12, as amended, *L.* 1960, *c.* 51, § 10. In any case, the New Jersey rule is that personal property taxes may be assessed to conditional vendors by municipal tax authorities. *Remington Cash Register Co. v. State Board of Taxes and Assessments,* 8 *N. J. Misc.* 875 (*Sup. Ct.* 1930), affirmed on opinion below, 108 *N. J. L.* 418 (*E. & A.* 1932) ; *Manistee Iron Works Co. v. Raritan Township,* 12 *N. J. Misc.* 143 (*Sup. Ct.* 1934).

In the *Remington* case, *supra,* the court rejected the argument that the conditional seller should not be taxed because title is in the buyer subject to being divested for nonpayment, and the transaction is analogous to a chattel mortgage transaction. The court relied in part on the fact that the conditional seller specifically reserved title and ownership to itself. (In the case at hand the conditional sales contract provides that title to the property "shall not pass to the Buyer" until the full purchase price is paid "but shall remain with the Seller.") In *Remington,* as here, the buyer

had agreed to pay all taxes levied against the property and to repay all taxes which are paid by the seller. The court in *Remington* found in this provision another reason for upholding a tax against the seller. Nor is plaintiff protected because the taxes were not assessed initially in plaintiff's name. *Manistee Iron Works Co. v. Raritan Township, supra,* 12 *N. J. Misc.,* at *p.* 146. An assessment of personal property is not invalid though made in the name of one not the owner of the property. *R. S.* 54:4–54; *Becker v. Mayor and Council of Borough of Little Ferry,* 126 *N. J. L.* 338 (*E. & A.* 1941); *State v. Matthews,* 40 *N. J. L.* 268 (*Sup. Ct.* 1878); *Irvington Auto Co. v. Town of Irvington,* 20 *N. J. Misc.* 166 (*Bd. Tax App.* 1942). No tax or assessment shall be set aside in any proceeding for irregularity in form if the property is taxable and the person from whom the tax is sought is, in fact, liable to taxation for the tax in question. *R. S.* 54:4–58. The fact that the assessments and claim for payment of taxes were not made against plaintiff in the first instance may obviate, on equitable principles, the imposition of interest and penalties, but will not defeat plaintiff's liability. *Manistee Iron Works Co. v. Raritan Township, supra,* 12 *N. J. Misc.,* at *p.* 147.

The desirability of assessing personal property in the first instance against the conditional seller may be questioned. See *Alban Tractor Co. Inc. v. State Tax Commission, supra.* Nevertheless, it is in the public interest to facilitate the collection of personal property taxes by securing the claim of a municipality against the goods which give rise to the tax in question. The Legislature may provide that personal property taxes shall be a lien against the assessed property from the time of the assessment. *Universal C. I. T.* case, *supra,* 90 *N. J. Super.,* at *p.* 437, and cases cited therein. Our law does not attach a lien for personal property taxes until a distraint is made. *Universal C. I. T.* case, *supra,* 93 *N. J. Super.,* at *p.* 30. However, the effect may be the same as a result of an ordinance adopted by a municipality pursuant to *N. J. S. A.* 40:52A–1 *et seq.* Plaintiff comes within

the literal definition of this statute as "a person owning or claiming to own any tangible personal property located in" the municipality. The moving permit law is sufficient legislative action to establish the superiority of a personal property tax claim over the rights of the conditional seller in the property. This law is an expression of legislative intent to create security for the municipality's tax claim in a manner that may be compared to a lien. The intent of the Legislature is sufficiently expressed to apply this form of security against the conditional seller, preventing removal from the municipality without prior payment of taxes. This is not to say that a lien on the property has been created by the Legislature as against all persons. *Keith Machinery Corp. v. Borough of South Plainfield,* 89 *N. J. Super.* 584 (*Law Div.* 1965), affirmed *per curiam,* 91 *N. J. Super.* 469 (*App. Div.* 1966). There it was held that a subsequent purchaser is not required to pay taxes assessed against a prior owner as a condition for a removal permit. That holding, however, does not apply to a conditional seller who, by reservation of title, was a person "claiming to own" the property at the time the assessments were made.

For the foregoing reasons the motion for summary judgment of defendant is granted and that of plaintiff is denied.