CRABTREE, J.T.C.
Defendant moves for reconsideration of this court’s determination, reflected in the court’s opinion of June 20,1989, that the so-called added assessment imposed for the entire tax year of 1985 was duplicative of the added assessment imposed for the last three months of 1984. Glenpointe Associates v. Teaneck, 10 N.J.Tax 506, 519 (Tax Ct.1989). For the reasons hereinafter stated the motion will be denied.
Defendant’s assessor imposed an added assessment for the last three months of 1984 with respect to plaintiff’s East Office Building (Block 3720, Lot 3) in the amount of $7,840,000, prorated for three months at $1,960,000. The basis for the added assessment was the completion of the building during September 1984. For tax year 1985 the assessor imposed a regular assessment of $15,687,500 on October 1, 1984, which did not include the value of the completed improvement. Some *600 time in 1985 the assessor discovered the omission and made an additional assessment of $7,840,000, which was called an added assessment.
The propriety of the assessor’s action in imposing the added assessment for the last three months of 1984 is not in issue. The additional assessment (erroneously and misleadingly characterized as an added assessment) for the 12 months of tax year 1985 is the issue here.
The added assessment statutes relevant to this proceeding are N.J.S.A. 54:4-63.2 and -63.3. The former provides for the assessment of a structure or an addition thereto completed after October 1 and before January 1 of the following year. The assessor is authorized to assess the entire property for the tax year beginning January 1 of the following year and to impose on a prorated basis an assessment for the balance of the pretax year, i.e., the number of full months between completion and the end of the year. N.J.S.A. 54:4-63.3 deals with structures erected or added to between January 1 and October 1 of the tax year. In that instance the assessor is empowered to assess the structure or addition thereto on a prorata basis according to the number of full months remaining in the tax year after completion.
The assessor may, in any tax year or in the succeeding tax year, assess any taxable property omitted from the assessment list for the particular tax year. N.J.S.A. 54:4-63.31. In this case the assessor’s action in imposing an omitted added assessment for the balance of 1984 was proper. In the leading case of Appeal of N. Y. State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956) our Supreme Court upheld the assessor’s power to make an omitted added assessment with respect to the post-assessing date completion of a structure.
The additional assessment for 1985, however, is not an added assessment because it was not imposed for a year in which the property was substantially completed within the purview of N.J.S.A. 54:4-63.3. It was not, but should have been, part of the regular assessment made on October 1, 1984 pursuant to *601 N.J.S.A. 54:4-23; nor can it be sustained as an omitted assessment made after January 1, 1985 for tax year 1985.
An omitted assessment can be imposed when real property subject to taxation has been erroneously omitted from the assessment rolls. Snyder v. South Plainfield Boro., 1 N.J.Tax 3 (Tax Ct.1980). It can also be imposed where there is new construction, improvements to existing structures or to rectify a prior error such as erroneous farmland classification. Inwood Owners v. Little Falls Tp., 216 N.J.Super. 485, 524 A.2d 441 (App.Div.1987), certif. den. 108 N.J. 184, 528 A.2d 13 (1987). None of these circumstances is present in the instant case. While an addition was in fact constructed and was properly the subject of an added assessment for the last three months of 1984, the entire structure was completed and ready for its intended use prior to October 1, 1984, the assessing date for 1985; nor was the property omitted as a taxable line item. The assessor simply failed to consider the full value of the subject as of the assessing date, October 1, 1984, for tax year 1985. The situation is simply an erroneous determination of value on the assessing date which the assessor attempts to correct administratively at a later date. The only way to remedy such an incorrect determination is for the taxing district to file an appeal with the county board (or with the Tax Court if the assessment exceeds $750,000) pursuant to N.J.S.A. 54:3-21.
Defendant urges the application of N.J.S.A. 54:4-58, a venerable statute first enacted in 1881, which provides:
No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid.
Despite some very broad language in the reported decisions describing the scope of the statute (“its effect is to destroy, root and branch, the power to defeat such a proceeding except upon a meritorious ground,” Conover v. Honce, 46 N.J.L. 347, 348 (E. & A.1884)), the statute has been applied to defects *602 which were essentially clerical in nature such as an inadequate or insufficient property description, Pfeiffer v. Miles, 48 N.J.L. 450, 4 A. 429 (Sup.Ct.1886), an assessment of property made in the name of a person other than the owner, Kullman Dining Car Company, Inc. v. E. Paterson, 97 N.J.Super. 536, 235 A.2d 499 (Law Div.1967), or a water rate increase unlawfully established by resolution instead of by ordinance, P.J. Ritter Company v. Bridgeton, 135 N.J.L. 22, 50 A.2d 1 (Sup.Ct.1946), aff’d o. b. 137 N.J.L. 279, 59 A.2d 422 (E. & A.1948).
Other decisions, addressing more substantial procedural deviations, have taken a more measured approach to the statute’s scope. For example, in Duke Power Co. v. State Board of Tax Appeals, 129 N.J.L. 449, 30 A.2d 416 (Sup.Ct.1943), aff’d o. b. 131 N.J.L. 275, 36 A.2d 201 (E. & A.1944), the court declared that the statute did not “apply where the statute for the addition of property omitted from the assessment is not complied with.” Id. at 457, citing Mitsch v. Riverside Tp., 86 N.J.L. 603, 92 A. 436 (E. & A.1914) and Shillingsburg v. Greenwich, 83 N.J.L. 129, 83 A. 644 (Sup.Ct.1912). In Mitsch an assessment of omitted property was set aside because the assessor failed to give the owner notice. In Shillingsburg the omitted assessment was set aside for lack of notice and because it was made by the board president, not the county board, as required by statute.
Duke Power, Mitsch and Shillingsburg, in limiting the scope of N.J.S.A. 54:4-58 despite its broad language, give implicit recognition to the principle that “statutes are to be read sensibly rather than literally and the controlling legislative intent is to be presumed as ‘consonant to reason and good discretion.’ ” Schierstead v. Brigantine, 29 N.J. 220, 230, 148 A.2d 591 (1959). Also, “where a literal reading of the statute leads to absurd consequences ‘the court must restrain the words’ and seek the true legislative intent.” Id. at 231, 148 A.2d 591. Finally, statutes forming part of a comprehensive plan for assessment and collection of real property taxes are in pari materia and must be read together. Dvorkin v. Dover *603 Tp., 29 N.J. 303, 148 A.2d 793 (1959); Abe Schrader Corp. v. Secaucus, 8 N.J.Tax 390, 402 (Tax Ct.1986). The statute in question, N.J.S.A. 54:4-58, must be read in conjunction with an array of statutes dealing with the assessment and collection of real property taxes, including N.J.S.A. 54:4-23, which directs the assessor to value real property in his district as though it were sold pursuant to private contract on October 1 of the pretax year. If he errs in his value determination the remedy is an appeal to the county board (or the Tax Court in the case of large assessments) by the following August 15 to increase the assessment. Similarly, if property has been omitted entirely from the assessment rolls the omitted assessment statutes provide a remedy. In neither case is N.J.S.A. 54:4-58 available to the assessor for ad hoc changes with no notice to the property owner. Remedial tax statutes such as N.J.S.A. 54:4— 58 are not a substitute for proper assessment procedures. Cromwell v. Hillsborough Tp., Somerset County, 149 F.2d 617 (3 Cir.1945), aff’d 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1945).
In view of the foregoing the court concludes that the assessor’s action in making the omitted assessment for the entire tax year 1985 based upon the pre-October 1, 1984 completion of the building on the subject property was without statutory authority. As stated above, defendant’s motion for reconsideration is denied. Plaintiff will prepare the appropriate order and submit it pursuant to the five-day rule.