# TAX COURT OF NEW JERSEY

**Vito L. Bianco**
JUDGE



77 Headquarters Plaza
1ST Floor, North Tower
Morristown, New Jersey 07960-3963
(609) 815 2922 Fax: (973) 631-6396

**March 25, 2019**

Via *eCourts*:

Joseph H. Orlando, Appellate Division Clerk
Appellate Division Clerk's Office
Richard J. Hughes Justice Complex
25 West Market Street, P.O. Box 006
Trenton, NJ 08625-0006

Daniel P. Zazzali, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Robert H. Oostdyk, Jr., Esq.
Murphy McKeon, P.C.
51 Route 23 South, P.O. Box 70
Riverdale, NJ 07457

Re:     Plaza Twenty Three Station, LLC v. Township of Pequannock
        Appellate Docket No.: A-002936-18
        Tax Court Docket No.: 013577-2017

Dear Mr. Orlando and counsel:

This letter is issued pursuant to R. 2:5-6(c) to amplify the court's bench decision and accompanying Order of February 15th, 2019, granting the motion of plaintiff, Plaza Twenty Three Station, LLC ("Plaza Twenty Three") for summary judgment for tax year 2017 and denying its motion for summary judgment for tax year 2018. Plaza Twenty Three moved for an order invalidating the 2017 added assessment imposed upon the property located at 500 Route 23, designated by the taxing district as Block 2007, Lot 1, ("Subject Property") in the Township of Pequannock ("Township"), and reducing the 2018 assessment to the original 2017 assessment

prior to the imposition of the 2017 added assessment. This letter will mainly brief on the decision for tax year 2017, the year that pertains to this appeal.

Plaza Twenty Three claimed that the 2017 added assessment was prohibited by law because it was based on works completed outside the statutory timeframe, was based on works that are de minimis in nature, and was an unconstitutional spot assessment. Accordingly, Plaza Twenty Three claimed that the 2017 added assessment should be invalidated as a matter of law. The Township opposed the motion arguing that the 2017 added assessment was legitimately placed on the Subject Property, Plaza Twenty Three incorrectly interpreted and applied the law prohibiting spot assessments, and that summary judgment is not appropriate as genuine issues of material fact exist.

The factual history of this case is as follows: In February 2017, Plaza Twenty Three purchased the Subject Property for $51,050,000. At that time, the assessed value of the Subject Property was $24,446,100. In the same year, the Municipal Assessor imposed a 12-month added assessment on the Subject Property for the 2017 tax year in the amount of $20,500,000. The Municipal Assessor claimed that he imposed the added assessment based on the (1) flood proofing completed at the Subject Property in May 2014, (2) work completed at tenant, Jersey Mike's on April 26, 2016, (3) work completed at tenant, PNC Bank on May 1, 2014, (4) work completed at tenant, Vision Works in January 2017, and (5) work completed at tenant, Smash Burger in May 2017. Furthermore, the Municipal Assessor admitted during deposition testimony that he took consideration of February 2017 leased fee sale into his decision for the added assessment.

On November 16, 2017, Plaza Twenty Three appealed the 2017 added assessment and the 2018 assessment directly to the tax court. On December 10, 2018, Plaza Twenty Three filed a motion for summary judgment for both tax year 2017 and 2018. The Township timely filed

2

opposing papers. On February 15, 2019, the court heard oral argument from both parties and granted Plaza Twenty Three's motion for summary judgment for tax year 2017. The court concluded that the Township's 2017 added assessment was prohibited by law, and therefore, it should be vacated.

Summary judgment should be granted when there is no genuine issue as to any material fact. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995); R. 4:46-2. A genuine issue of material fact exists "only if, considering the burden of persuasion at trial, the evidence submitted by the parties, on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). Here, the only issue is whether the added assessment was imposed according to the statutory provisions. The court found that the facts provided to the court are sufficient and there is no genuine issue as to a material fact in the matter; therefore, a decision by summary judgment is appropriate.

There are two relevant statutes at issue in the instant matter: N.J.S.A. 54:4-63.2, which provides for the assessment of an addition or improvement completed after October 1 and before January 1 of the following year, and N.J.S.A. 54:4-63.3, which provides for the assessment of an addition completed between January 1 and October 1 of the tax year. An added or added omitted assessment may only be imposed for a specific tax year when it is based on construction completed subsequent to October 1 of the preceding year. Glen Pointe Assocs. v. Teaneck Twp., 10 N.J. Tax 598 (Tax 1989), aff'd, 12 N.J. Tax 127 (App. Div. 1991); Van Orden v. Wyckoff Twp., 22 N.J. Tax 31 (Tax 2005). The Tax Court in Glen Ponte Assocs. determined that it was not permissible to impose an added assessment for tax year 1985, because the entire structure was completed and

3

ready for its intended use before October 1, 1984. Glen Ponte Assocs., 10 N.J. Tax at 601. Rather, it should have been part of the regular assessment, not an added assessment. Id. at 600-01. Applying the analysis in Glen Pointe Assocs. in the present matter, this court found that the flood proofing, which was completed in 2014, and the work completed at PNC Bank and Jersey Mike's, which were completed in 2014 and early 2016 respectively, should not have been incorporated into the 2017 added assessment as they were completed before October 1, 2016. Consequently, only the work at Vision Works and Smash Burger should have been considered for the 2017 added assessment.

The construction at Vision Works and Smash Burger does not constitute an "improvement," which triggers an added assessment, to the Subject Property within the meaning of N.J.S.A. 54:4-63.2 to 63.3. In Fifth Roc Jersey Assoc., LLC v. Town of Morristown, 26 N.J. Tax 212 (Tax 2011), the court decided that the replacement work done on the elevators, as well as and the addition of smoke and heat detectors, did not qualify as improvements to a building or other structure within the meaning of N.J.S.A. 54:4-63.2 to 63.3 since they merely constituted retrofitting, upgrading, or remediation of deferred maintenance. Similarly, in Harrison Realty Corp. v. Harrison Town, 16 N.J. Tax 375 (Tax 1997), the plaintiff renovated the office area with new sheetrock walls, drop ceilings, and floor covering. The plaintiff also installed three additional overhead loading doors and upgraded the electrical system, the wet sprinkler system, and the HVAC system. Additionally, the plaintiff installed a demising wall separating the space leased to two tenants. The court concluded that such construction was mere retrofitting, upgrading or remediation of deferred maintenance and it does not constitute an addition to the property; nor does it constitute an improvement.

4

Considering the above Tax Court decisions, the work done here at the Subject Property clearly does not rise to the level of an "addition" or "improvement." At Vision Works, there was construction of two new bathrooms, a retail space, a pre-test area, a lens preparation area, and a new acoustical ceiling. Furthermore, there was installation of new bathroom fixtures, drinking fountains, water heater, gas piping, HVAC, new lighting, service upgrades, and furnace/air conditioning. The total expected cost for the entire construction was $146,700. For Smash Burger, there was construction of new tenant separation assembly, vestibule, cueing area, two dining rooms, two kitchens, two bathrooms, and walk in refrigeration units. In addition, there was installation of new bathroom fixtures, kitchen fixtures, water heater, gas piping, new lighting, receptacles, switches, and exit signage. Furthermore, new commercial kitchen hood exhaust system, Ansul system, and sprinkler head system were installed. The total expected cost for the entire construction was $315,000. In the court's view, the work at both Vision Works and Smash Burger was similar to the work described in Fifth Roc Jersey Assoc., LLC and Harrison Realty Corp. It was de minimis in nature relative to the entire leasable area (2.64% of the entire area) and the 2017 added assessment (2.25% of the added assessment). It constituted mere retrofitting or upgrading, not an addition or improvement to the Subject Property.

| Entire Leasable Area (in square feet): | Area that Work Was Done (in square feet): |
|---|---|
| 161,035 | 4,254 (i.e. 2.64% of the Entire Leasable Area) |
| Added Assessment in 2017: | Total Expected Cost of Construction in 2017: |
| $20,500,000 | $461,700 (i.e. 2.25% of the Added Assessment) |

5

Although the Municipal Assessor alleged that he prepared an income approach analysis to calculate his valuation, no such supporting evidence was provided. During his deposition, the Municipal Assessor admitted that he had nothing in his file other than the Subject Property's rent roll and lease from which he made a value determination of $27-28 per square foot. While, the Municipal Assessor further admitted that he did not consult an independent appraisal expert when he prepared an income approach analysis, the court recognizes that he was under no obligation to do so. The problem with respect to the added assessment placed on the Subject Property is that the work performed was clearly de minimis. The work area constituted less than three percent of the Entire Leasable Area of the Subject Property, and was of a nature that would not trigger the need for an added assessment under prevailing law. Furthermore, the total expected cost of that work was $461,700, and represents just 2.25% of the $20,500,000 added assessment placed on the Subject Property. Accordingly, the court concluded that the Municipal Assessor's decision to impose the $20,500,000 added assessment on the Subject Property for the 2017 tax year, is not supported in fact nor law, and is unsustainable.

Accordingly, the 2017 added assessment was vacated as a matter of law. Plaza Twenty Three's motion for summary judgment for tax year 2017 was appropriately granted.

Based upon this determination, it was unnecessary for the court to address the issue of spot assessment also raised in Plaza Twenty Three's motion papers.

However, based on a determination that the 2017 added assessment was invalid, Plaza Twenty Three urged the court to also invalidate the 2018 original assessment. The court declined to do so noting that there were different standards of review when evaluating the legitimacy of an added assessment and the validity of an original assessment. Plaza Twenty Three provided no

6

basis in the law for the court to roll back the Subject Property's original 2018 assessment to its 2016 assessment, simply because the 2017 added assessment was deemed invalid. The court noted that, the 2018 original assessment, regardless of how derived, was still entitled to a presumption of validity. See Atlantic City v. Ace Gaming, 23 N.J. Tax 70, 98 (Tax 2006) (finding that the "presumption of validity stands even though the court is unable to precisely ascertain how the Tax Assessor, . . . arrived at the assessment of the Subject Property"). The facts were not clear to the court, that the Municipal Assessor relied solely on the 2017 added assessment (now invalidated), in setting the 2018 original assessment. In the court's view, that was clearly a material fact in dispute. Accordingly, Plaza Twenty Three's motion with regard to the 2018 tax year was denied. Plaza Twenty Three's challenge to the assessment of the Subject Property for 2018 will proceed in due course.

Very truly yours,

ss// *Vito L. Bianco, J.T.C.*

Hon. Vito L. Bianco, J.T.C.

VLB:JRK

7