WOODCLIFF MANAGEMENT, A PARTNERSHIP, PLAINTIFF-RESPONDENT, v. TOWNSHIP OF NORTH BERGEN, A TAXING DISTRICT OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 19, 1969—Decided June 27, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Nicholas S. Schloeder* argued the cause for appellant.

*Mr. Daniel Amster* argued the cause for respondent (*Mr. Robert Michelson,* on the brief).

PER CURIAM. ■ Insofar as the judgment orders defendant to pay interest on refund of taxes due plaintiff for the tax years 1964, 1965 and 1966, we affirm. We approve the decision and supporting reasoning of Judge Pindar for the Law Division in 713 *Co. v. Jersey City,* 94 *N. J. Super.* 210 (*Law Div.* 1967), to the effect that where a taxpayer has secured a reduction of tax assessment before a review board and the municipality has unsuccessfully exhausted all appellate review thereof, the taxpayer is entitled to 6% interest on any consequently owing and unrefunded overpayment of taxes, to be computed beginning with a reasonable time after exhaustion of such appellate review and ending when payment of the refund is made. That principle was correctly applied here by the trial court for the tax years mentioned above.

■ However, in entering judgment for refund for the taxes, and interest thereon, for the tax year 1967, we think the trial court erred. The municipality had an undetermined appeal to the Division of Tax Appeals pending as to that tax year at the time judgment was entered below. The trial court disregarded that appeal on the basis that the appeal was without merit because the assessment for 1967 was mandatorily "frozen," pursuant to *N. J. S. A.* 54:2-43 (commonly known

as the "Freeze Act"), at the valuation fixed by the Division for the year 1966 in its adjudication of the appeals of the assessments for 1964–1966, inclusive, heard jointly by that body. In effect, the trial court treated defendant's 1967 tax appeal as so lacking in merit as to amount to a bad-faith delay in payment of the refund due plaintiff by virtue of the county board reduction. We think this approach was unjustified. Defendant was, for purposes of the present issue, entitled to prosecute its appeal to the Division to a determination on its merits in that agency. It could there conceivably argue, insofar as the Freeze Act is concerned, that the value of the property rose after the assessing date for the tax year 1966, or, as it asserts it intends to do, that the Freeze Act does not apply to the 1967 judgment for the reason that the 1966 judgment of the Division was itself the result of application by that body of the Freeze Act by automatically setting that year's tax assessment at the adjudicated true value for the year 1964. If the Division agrees therewith, the 1967 assessment will be immune from freeze and open for determination on the merits on the proofs to be adduced. See *Riverview Gardens v. North Arlington Borough,* 9 *N. J.* 167 (1952). We of course imply no view as to the merits of either of such contentions when and if advanced before the Division.

We thus conclude that since defendant has not yet obtained a final appellate adjudication in respect of the amount of taxes legally payable to it by plaintiff for the tax year 1967, plaintiff has as yet no cause of action against it for refund of overpayment of 1967 taxes or interest thereon.

Judgment modified to set aside award for overpayment of 1967 taxes and interest; otherwise affirmed. No costs.