CONLEY, J.T.C.
Following a plenary trial this court entered judgment reducing the assessment on the subject property for the years 1978 and 1979. The taxing district appealed from that judgment to the Appellate Division of the Superior Court; the appeal is pending. Plaintiff taxpayer has now filed two motions with this court requesting separate forms of relief. The first is a Freeze Act motion which seeks a judgment reducing the 1980 and 1981 assessments on the subject property to the assessment figure determined by this court for 1979. See N.J.S.A. 54:51A-8 (formerly N.J.S.A. 54:2-43). Plaintiffs second motion seeks an order compelling defendant taxing district to refund, with interest, the excessive taxes plaintiff paid for 1978 and 1979. See N.J.S.A. 54:3-27.2. Defendant has filed a cross-motion seeking a stay of its requirement to refund taxes pursuant to the Tax Court judgment for 1978 and 1979 until such time as the appellate process has run its course. For the reasons that follow I deny all three motions.
The relevant language of the Freeze Act applicable to Tax Court judgments is:
Where a judgment final has been rendered by the tax court involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. [N.J.S.A. 54:51A-8]
The taxing district opposes plaintiffs Freeze Act motion on the grounds that decisions of the Tax Court have construed the Freeze Act to mean that it does not apply to a judgment until that judgment is no longer under appeal or appealable. Hudson Terrace Apts. v. Ft. Lee, 2 N.J.Tax 457, 460 n. 2, 461 (Tax Ct.1981), rev’d on other grounds 191 N.J.Super. 489, 467 A.2d 1092 (App.Div.1982) (remanded for plenary hearing on allegation of change in value effected by condominium conversion). See Curtiss Wright Corp. v. Wood-Ridge, 4 N.J.Tax 68, 73 n. 4 *63 (Tax Ct.1982), and Edgewater v. United States Life Realty Corp., 2 N.J.Tax 421, 424-425 (Tax Ct.1981), aff'd o.b. 4 N.J.Tax 531 (App.Div.1982) (both cases involved the Freeze Act applicable to county tax board judgments, N.J.S.A. 54:3-26). See also Murnick v. Asbury Park, 5 N.J.Tax 406 (Tax Ct.1983). Such a conclusion in the present case would require a denial of plaintiff’s Freeze Act motion because an appeal of the court’s judgment is pending in the Appellate Division. In response, plaintiff argues that the court’s discussion of this aspect of the Freeze Act was dictum in each of the cited cases and that the court in the present case should hold that the Freeze Act applies to this court’s judgment reducing plaintiff’s 1979 assessment even though the judgment is on appeal.
The cited cases considered various aspects of the Freeze Act as it applies to judgments of county boards of taxation and the Tax Court. In Curtiss Wright the court reviewed the apparent purpose of the Legislature in adopting the Freeze Act and the particular statutory language it used. The court stated:
As employed in the act [N.J.S.A. 54:2-43], a final judgment becomes a judgment final when the period of appeal therefrom has terminated. Its county board counterpart, N.J.S.A. 54:3-26, employs the language “where no request for review is taken to the Tax Court,” which language indicates that a county board judgment becomes a “judgment final” when the 45-day appeal period as provided in N.J.S.A. 54:2-39 has expired. Notwithstanding the different terminology, it is clear that neither freeze act can apply until the appeal period from the judgment has expired. [4 N.J.Tax at 73 n. 4]
Even though this analysis was not the holding of Curtiss Wright it is a sound conclusion to which this court subscribes as a matter of law. Accordingly, in the present case the court holds that the Tax Court judgment determining the assessment on the subject property for 1979 is not a “judgment final” within the intent of N.J.S.A. 54:51A-8 because an appeal from that judgment is pending in the Appellate Division of the Superior Court. Furthermore, the 1979 judgment of the Tax Court will not become a judgment final for purposes of the Freeze Act as long as either party has a right to have that judgment reviewed. Plaintiff’s Freeze Act motion must therefore be denied.
*64 Plaintiff’s motion for a refund of taxes and defendant’s cross-motion for a stay of the judgment reducing plaintiff’s assessment are, of course, related. The statutory basis for plaintiff’s motion, and the statutory obligation from which the taxing district seeks relief pending its appeal, is as follows:
In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, within 60 days of the date of final judgment. [N.J.S.A. 54:3-27.2]
See Waterview Village-Community Realty Management v. Ventnor, 4 N.J.Tax 262, 266-267 (Tax Ct.1982), for a discussion of the legislative history of this provision.
It has not been judicially determined whether “the date of final judgment” referred to in the statute is the date of the entry of judgment by a county board of taxation, the Tax Court, the Appellate Division or the Supreme Court. However, the only reasonable way to construe the language is for it to mean the date of the judgment from which no appeal has been or may be taken. Only after appellate review of a judgment has been exhausted may a taxpayer be said to have been “successful in an appeal from an assessment on real property,” at which time the tax refund provision becomes operative. N.J.S.A. 54:3-27.2. On appeal the possibility exists that a judgment reducing an assessment will be reversed. In fact, an assessment may be increased on appeal. See Rabstein v. Princeton Tp., 187 N.J.Super. 18, 453 A.2d 553 (App.Div.1982). It would be unreasonable to conclude that the Legislature intended to require a taxing district to refund payments of real property tax before the taxing district had exhausted its legitimate efforts in court to have the tax assessment affirmed or even increased. I therefore hold that the requirement for a taxing district to refund excess taxes pursuant to N.J.S.A. 54:3-27.2 does not become operative while the taxing district still has a right to have the judgment of assessment reduction reviewed.
This conclusion is supported by a decision of the Appellate Division in Woodcliff Management v. North Bergen, 106 N.J.Super. 292, 255 A.2d 776 (App.Div.1969). In that ease the court *65 affirmed a judgment of the Law Division directing the taxing district to refund a portion of the taxpayer’s 1964, 1965 and 1966 taxes but it reversed the judgment insofar as it directed a refund of 1967 taxes. The Appellate Division noted that although the Freeze Act was arguably applicable to the year 1967 based on the judgment for 1966, the municipality had an undetermined appeal to the Division of Tax Appeals pending as to 1967 at the time the Law Division judgment was entered below. Id. at 293, 255 A.2d 776. The Appellate Division said:
In effect, the trial court treated defendant’s 1967 tax appeal as so lacking in merit as to amount to a bad-faith delay in payment of the refund due plaintiff by virtue of the county board reduction. We think this approach was unjustified ....
We thus conclude that since defendant has not yet obtained a final appellate adjudication in respect of the amount of taxes legally payable to it by plaintiff for the tax year 1967, plaintiff has as yet no cause of action against it for refund of overpayment of 1967 taxes or interest thereon. [Id. at 294, 255 A.2d 776]
This decision was prior to the enactment of N.J.S.A. 54:3-27.2. Nonetheless, the opinion in Woodcliff Management is a clear statement, not changed by adoption of the statute, that a taxpayer who receives an assessment reduction is not entitled to a refund of excess taxes as a result of that reduction until all available appellate review of the reduction has been concluded.
Additional support for the holding of the present case may be drawn from 9W Contractors, Inc. v. Englewood Cliffs, 176 N.J.Super. 603, 424 A.2d 461 1 N.J.Tax 465 (Tax Ct.1980). Apparently no suggestion was made in that ease that the taxing district had any obligation to refund taxes pursuant to N.J.S.A. 54:3-27.2 prior to the exhaustion of appellate review relating to the assessment reduction. In any event, the opinion leaves no doubt on this score. The court said, in pertinent part:
.. . taxpayers are entitled to and shall receive interest on the 1977 excess tax payments.... The judgments became final on January 16, 1979 when the Petition for Certification was denied. Pursuant to N.J.S.A. 54:3-27.2 all excess tax refunds together with interest ... should have been paid within 60 days thereafter or no later than March 17, 1979. [176 N.J.Super. at 617, 424 A.2d at 468, 1 N.J.Tax at 479]
See also 713 Co. v. Jersey City, 94 N.J.Super. 210, 227 A.2d 530 (Law Div.1967), decided prior to the enactment of N.J.S.A. 54:3-27.2, in which the taxing district did not appeal judgments *66 establishing the taxpayer’s right to a tax refund but the court allowed the taxing district an additional 45 days from the date of the judgments before interest would accrue, “45 days from the date of the judgments ... being the period the city had the right to fully consider the matter of appeal.... ” Id. at 219, 227 A.2d 530.
Because of the construction given by this court to N.J.S.A. 54:3-27.2, plaintiff’s motion seeking a refund of an overpayment of taxes for 1978 and 1979 is premature and it is therefore denied. Defendant’s motion seeking a stay of the obligation to refund taxes is moot and it is denied. Counsel for defendant shall submit an appropriate form of order pursuant to R. 4:42-1(b).