RIMM, J.T.C.
In this local properly tax matter, a case of first impression, the issue before the court is whether a taxpayer who has paid the *577 taxes based on an original assessment must pay the taxes resulting from an increase in the assessment by a county board of taxation in order to appeal the county board judgment to the Tax Court.
Plaintiff, Janice Bernstein, owns property located at 3101 Boardwalk, Unit 1710-1, in the City of Atlantic City, designated as Block C0011, Lot 196 W03 on the municipal tax map. For the 1995 tax year, the subject property was originally assessed as follows:
Land $39,600
Improvements 39,000
Total $78,600.
This assessment resulted in a tax bill of $2,246.39 based on the City’s 1995 tax rate of $2,858 per $100 of assessed value. On April 1, 1995, claiming the assessment was incorrect, plaintiff filed an appeal with the Atlantic County Board of Taxation. During 1995, plaintiff paid $2,246.39 to the City for the entire 1995 tax bill.
On September 20, 1995, the Atlantic County Board of Taxation held a hearing to consider plaintiffs tax appeal. In a memorandum of judgment dated November 9,1995, and mailed on December 6, 1995, the Atlantic County Board of Taxation increased the assessment on plaintiffs land by $14,400 to $54,000 and decreased the assessment on the improvements by $3,000 to $36,000. The total assessment on the subject property was therefore increased for the 1995 tax year by $11,400 to $90,000.
On January 17, 1996, plaintiff appealed the judgment of the Atlantic County Board of Taxation by filing a complaint with the Tax Court. In her complaint, plaintiff alleged that the county board judgment was in excess of the true value of the subject property. Plaintiff also alleged “discrimination with respect to the assessment____”
On March 20,1996, the City filed a motion to dismiss plaintiffs complaint for failure to pay taxes. In her certification, Linda Steele, the municipal tax collector, stated that, as of February 13, 1996, there were unpaid taxes on the subject property amounting *578 to $325.82, plus interest. She also stated that a tax bill for the $325.82 had been sent to the taxpayer. In fact, the City did not send a bill for this amount to the taxpayer, counsel for the City advising me of that fact during oral argument.
In response to the City’s motion, plaintiffs counsel explained that the $325.82 deficiency, referred to by the municipal tax collector in her certification, constituted the amount of taxes that would result from the county board judgment that raised the total original assessment by $11,400. Plaintiff admits that this $325.82 was not paid to the City at the time her complaint was filed with the Tax Court or within forty-eight days of the mailing of the county board judgment on December 6, 1995. See N.J.S.A. 54:51A-1; NJ.S.A 54:51A-9; and R. 1:3-3.
The payment of tax requirement for the filing of a complaint with the Tax Court appealing a county board judgment is set forth in N.J.S.A. 54:51A-l(b), which provides as follows:
At the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.
In accordance with the language of N.J.S.A 54:51A-1(b), our Courts have consistently held that the taxes owed to a municipality for the year for which review is sought of an original assessment must have been paid as a “jurisdictional prerequisite [for] an appeal to the Tax Court from a county board judgment.” Schneider v. East Orange, 196 N.J.Super. 587, 593, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986) (dealing with N.J.S.A. 54:2-39, the predecessor provision to N.J.S.A. 54:51A-1(b)); see also Echelon Glen Coop. v. Voorhees Tp., 15 N.J.Tax 145, 153 (App.Div.), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994); Stewart v. Hamilton Tp., 7 N.J.Tax 368 (Tax 1984).
If there is no motion to dismiss by the municipality in the county board based on unpaid taxes, a taxpayer has until the last day for filing an appeal to the Tax Court from the county board judgment to pay the taxes owed for the year in question. Olde *579 Lafayette Village, Ltd. v. Lafayette Tp., 9 N.J.Tax 562, 571 (Tax 1988); Stewart v. Roxbury Tp., 4 N.J.Tax 658, 661 (Tax 1982). If the taxes have not been paid by the end of the time period for filing an appeal, the Tax Court cannot hear the case, even if the taxpayer subsequently pays the taxes on the property. Echelon Glen Coop., supra, at 153.
In the present case, the City has asserted that, in order for the Tax Court to be able to hear plaintiffs appeal, plaintiff must have paid not only the taxes due on the original assessment made by the municipality but also must have paid additional taxes as a result of the increase in the original assessment by the county board. Under the City’s reading of N.J.S.A. 54:51A-l(b), the taxes resulting from such an increase are “then due and payable for the year for which review is sought____” This is so, according to the City, even though it never actually billed the taxpayer for the taxes resulting from the increase in the assessment. The City claims that, under the circumstances here, it was not required to bill the taxpayer for the increased taxes in order for those taxes to become “due and payable” under the law. The City argues that, after the entry of the county board judgment increasing the assessment, plaintiff, on her own, could have calculated the increased taxes resulting from the county board judgment and was immediately obligated to pay that amount to the City.
It is unnecessary to consider the City’s argument regarding billing. I conclude that, as long as the taxes based on the original assessment have been paid to the municipality, any taxes that might be calculated based on an increase in the assessment by a county board of taxation are not due and payable in order to confer jurisdiction on the Tax Court on an appeal from a county board of taxation.
The City has pointed to no case law or statutory authority expressly requiring a taxpayer to pay the taxes resulting from a county board judgment which increases the original assessment when an appeal of that judgment has been filed with the Tax Court. While no case or statute specifically addresses the payment of taxes when a county board has increased the original *580 assessment, in Woodcliff Management v. North Bergen Tp., 106 N.J.Super. 292, 255 A.2d 776 (App.Div.1969), the Appellate Division dealt with the refund of taxes when a county board has reduced the original assessment on a taxpayer’s property.
In Woodcliff Management, following the entry of county board judgments reducing the assessments for the 1964, 1965, 1966, and 1967 tax years, the taxpayer sued in the Superior Court, Law Division, for a refund of taxes and for interest based on the reduced assessments. The Appellate Division affirmed that portion of the Law Division’s judgment ordering the municipality to refund the overpayment of the 1964, 1965, and 1966 taxes and to pay interest on the refunded amount, but it reversed that portion of the judgment directing a refund of the 1967 taxes and interest. The Appellate Division attributed the difference in result to the fact that “the municipality had unsuccessfully exhausted all appellate review” of the county board judgments for the 1964, 1965, and 1966 tax years, but still “had an undetermined appeal to the Division of Tax Appeals pending as to [the 1967] tax year at the time the [Law Division] judgment was entered____” Id. at 293, 255 A.2d 776. Since the municipality had not yet obtained “final appellate adjudication” of the assessment amount, the Appellate Division refused to permit the taxpayer to assert a cause of action for a refund. Id. at 294, 255 A.2d 776.
In 1975, six years after Woodcliff Management was decided, the Legislature enacted N.J.S.A 54:3-27.2. That provision also addresses the taxpayer’s entitlement to a refund when a county board reduces the assessment on the taxpayer’s property. N.J.S.A 54:3-27.2 provides as follows:
In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, less any amount of taxes, interest, or both, which may be applied against delinquencies pursuant to P.L..1983, c. 137 (C. 54:4-134), within 60 days of the date of final judgment.
[emphasis supplied.]
*581 Interpreting the phrase “date of final judgment” in N.J.S.A. 54:3— 27.2, Judge Conley concluded in Wilshire Selby West, Ltd. v. Ramsey Bor., 6 N.J.Tax 60 (Tax 1983), that
the only reasonable way to construe the language is for it to mean the date of the judgment from which no appeal has been or may be taken____ It would be unreasonable to conclude that the Legislature intended to require a taxing district to refund payments of real property tax before the taxing district had exhausted its legitimate efforts in court to have the tax assessment affirmed or even increased.
[Id. at 64.1
Thus, when a municipality appeals the reduction of an assessment by a county board of taxation, a taxpayer cannot successfully demand a refund on taxes already paid, based on the county board judgment reducing the assessment. Similarly, I hold that, when a taxpayer appeals an increase in an assessment by a county board of taxation, a municipality cannot successfully demand payment of the increased taxes based on the county board judgment as a jurisdictional requirement for an appeal to the Tax Court.
In Inwood Owners, Inc. v. Little Falls Tp., 216 N.J.Super. 485, 524 A.2d 441 (App.Div.), certif. denied, 108 N.J. 184, 528 A.2d 13 (1987), the Appellate Division considered an issue similar to that presented in the present ease. There, the municipal tax assessor attempted to increase the assessment on the taxpayer’s apartment complex by imposing omitted assessments for the 1984 and 1985 tax years. The full amount of taxes based on the original assessments had been timely paid by the taxpayer. Under the procedure permitted by N.J.S.A. 54:4-63.31, the assessor issued bills for the omitted assessments and the taxpayer, disputing the assessments, filed a petition of appeal with the county board. The county board affirmed the assessments and the taxpayer appealed to the Tax Court where the municipality moved to dismiss the complaint because the taxpayer had not paid the taxes owed on the omitted assessments.
In the Tax Court, Judge Kahn held that the provisions regarding the prepayment of taxes were only applicable to conventional appeals and not to an appeal from an omitted assessment. The Appellate Division affirmed Judge Kahn’s ruling, observing that
*582 [a] municipality does not rely on the collection of omitted taxes unknown during the budget process to operate its government or meet its expenses in the tax year in which the omitted assessment is imposed. Presumably, it would then be unaware of such assessments.
[Inwood, Owners, supra, at 490, 524 A.2d 441.]
The same conclusions can be reached with respect to an original assessment that is later increased by the county board of taxation. Taxes resulting from a county board increase are not relied on by a municipality in the development of the municipal budget. A municipality formulates its budget only with regard to the amount of taxes resulting from the original assessments. In this case, those taxes were paid by the taxpayer in a timely manner. A delay in the payment of the increased taxes would have no effect on the operation of government or the provision of necessary services to the community. The rationale behind the
requirement that taxes be paid for the Tax Court to have jurisdiction over the contest of a local property tax assessment is to avoid putting the burden of an appealing taxpayer's unpaid property taxes on the other taxpayers in the taxing district____
[Muscarelle, Inc. v. Saddle Brook Tp., 14 N.J.Tax 453, 457 (1995) (Rimm, J.T.C., concurring).]
Such a burden is absent under the circumstances presented in this case.
The City’s motion to dismiss plaintiffs complaint for nonpayment of taxes is denied. Plaintiffs counsel will submit an appropriate order under R. 4:42-1. Plaintiffs counsel will also forthwith arrange for a case management conference with defendant’s counsel and my chambers to fix a discovery schedule and a trial date.