IN RE APPEAL OF HOWARD D. JOHNSON CO., AND HOWARD JOHNSON, INC., FROM THE ASSESSMENT OF PROPERTY IN TOWNSHIP OF WALL, COUNTY OF MONMOUTH FOR THE YEAR 1956.

HOWARD D. JOHNSON COMPANY AND HOWARD JOHNSON, INC., OF NEW JERSEY, PETITIONERS-APPELLANTS, v. THE TOWNSHIP OF WALL, RESPONDENT-RESPONDENT.

Argued December 4, 1961—Decided February 5, 1962.

*Mr. William I. Riker* argued the cause for appellants (*Messrs. Riker, Danzig, Marsh & Scherer,* attorneys).

*Mr. William C. Nowels* argued the cause for respondent Township of Wall.

*Mr. Alan B. Handler,* Deputy Attorney General, argued the cause for respondent Division of Tax Appeals (*Mr. David D. Furman,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

WEINTRAUB, C. J.     Appellants operated restaurant facilities owned by the New Jersey Highway Authority

under a so-called "lease." The assessor assessed the land and building for local taxation under *N. J. S. A.* 54:4–2.3. As we have this day held, the property was exempt from taxation to the Authority or its lessee. *Walter Reade, Inc. v. Township of Dennis,* 36 *N. J.* 435 (1962). Respondent, however, urges appellants may not be heard to assert the exemption for the reason that it was not claimed below.

The petition to the Division of Tax Appeals was sufficiently broad to embrace the issue. It alleged the property was "illegally assessed"; that the assessments were "illegal and void" and prayed that they be "cancelled." Apparently, however, the thesis actually projected at the hearing before the Division was that only the "leasehold" interest was taxable and that the local assessor never purported to value or assess it but rather assessed the land and improvements as such. In accordance with *R. R.* 1:7–1(c) appellants expressly noted in their brief that the question was not raised below.

*R. R.* 1:5–3(c) provides:

"The court may notice plain errors affecting substantial rights of a party, although they were not brought to the attention of the trial court."

This rule was adopted in 1953. It was not precisely an innovation. Prior thereto, it had been held that an appellate court may accept new issues at least where public policy is involved. *Fischer v. Township of Bedminster,* 11 *N. J.* 194, 200–01 (1952); *Morin v. Becker,* 6 *N. J.* 457, 460 (1951); *Howard v. City of Paterson,* 6 *N. J.* 373, 376 (1951). The rule takes a more expansive view of the obligation of a judge. It embraces the philosophy that justice is the common burden of both counsel and the court and hence a manifestly unjust result shall not be ordered because of the oversight of the advocate. Unquestionably, this authority of an appellate court will not be casually invoked. The rule does not contemplate that litigation shall be routinely rerun to explore all questions which

may conceivably be involved. *Krieger v. City of Jersey City,* 27 *N. J.* 535, 544–45 (1958). But where upon the total scene it is manifest that justice requires consideration of an issue central to a correct resolution of the controversy and the lateness of the hour is not itself a source of counter-vailing prejudice, the appellate court may accept the question and indeed itself raise it, as on occasions we have. See *Hilton Acres v. Klein,* 35 *N. J.* 570, 576 (1961); *Kampf v. Franklin Life Ins. Co.,* 33 *N. J.* 36 (1960); *Ford v. Reichert,* 23 *N. J.* 429 (1957); *In re Stern,* 11 *N. J.* 584, 590 (1953).

█ Here the issue is wholly one of law, and one which was not finally resolved until our decision today in *Walter Reade, Inc. v. Township of Dennis,* 36 *N. J.* 435. Had the question been advanced before the Division, we know from the Division's determination in the case just cited that this appeal would still have ensued. There is no statutory policy that the exemption shall be lost unless claimed at some stated time or in a stated manner. See *Maritime Petroleum Corp. v. City of Jersey City,* 1 *N. J.* 287 (1949). The parties have been fully heard. We should not enter a judgment we know to be unjust. Indeed, government itself is created to provide justice; its agent, a municipality, should be loath to succeed upon a mere tactical advantage.

The judgment of the Division is reversed with directions to vacate the assessment. No costs.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For affirmance*—None.