216 N.J. Super. 485 (1987)
524 A.2d 441
INWOOD OWNERS, INC., PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF LITTLE FALLS, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1987.
Decided April 2, 1987.
*486 Before Judges PETRELLA, GAYNOR and SCALERA.
James V. Segreto argued the cause for appellant (Segreto & Segreto, attorneys; James V. Segreto of counsel, David R. Bruins on the brief).
Steven Muhlstock argued the cause for respondent (Gittleman, Muhlstock & Meyers, attorneys; Steven Muhlstock and Brian Chewkaskie on the brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The Township of Little Falls (Township) appeals from the judgment of the Tax Court which held void and invalid an increase in the tax assessment of a cooperative apartment complex owned by Inwood Owners, Inc. (Inwood). On or about November 1, 1985 the tax assessor attempted to increase Inwood's assessment by imposing omitted assessments for the tax years 1984 and 1985, evidentially based on the fact that the apartment complex had been converted to a cooperative status. *487 The claimed omitted assessment was apparently based on the recited consideration in a July 17, 1984 deed by Inwood at Great Notch, a partnership, to Inwood Sponsor Corp. which was Inwood's predecessor in title.[1]
The municipal tax assessor had utilized the alternate method of imposing an omitted assessment under N.J.S.A. 54:4-63.31 for the 1984 and 1985 tax years in the amount of $4,706,400. The assessor had bills issued for the omitted assessments for both years on or about November 1, 1985, with payment due that date. The bills also recited that appeals to the County Board of Taxation (County Board) could be taken on or before December 1. This resulted in an omitted gross tax of $272,029.92 for 1984 and $276,736.32 for 1985 attributable to the conversion of the property from unified single ownership to cooperative ownership. No improvements or changes had been made to the physical property.
The Township contends that (1) the Tax Court lacked jurisdiction because Inwood failed to pay the omitted assessment due November 1, 1985 prior to filing its tax appeals; (2) the Tax Court erred in holding that the municipality had no authority to impose the additional tax under the omitted assessment procedures; (3) the Tax Court lacked jurisdiction as to the 1984 omitted assessment because there was no judgment for that assessment by the County Board, and (4) the Tax Court lacked jurisdiction as to the 1985 omitted assessment because the complaint was filed prior to the entry of a judgment by the County Board.
Judge Kahn in a comprehensive and thorough letter opinion in the Tax Court rejected the Township's arguments and held that the requirement to pay current taxes was not applicable to an appeal of an omitted assessment; the mere fact of the *488 conversion of the subject property, without more, was not a proper basis for imposition of an omitted assessment, and inaction by the County Board regarding the 1984 tax year was a judgment within the purview of N.J.S.A. 54:4-63.39.

I
We turn first to the Township's argument that plaintiff should be barred from contesting the omitted assessment because N.J.S.A. 54:51A-1b requires that all taxes for the year for which review is sought must be paid by the time a complaint is filed with the Tax Court. That statute provides in pertinent part:
b. At the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.
Defendant maintains that a jurisdictional prerequisite to consideration of any tax appeal from the decision of a County Board by the Tax Court is the payment of taxes. Its argument relies principally on Schneider v. City of East Orange, 196 N.J. Super. 587 (App.Div. 1984), aff'd 103 N.J. 115 (1986), cert. den. ___ U.S. ___, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986) (complaint filed November 13, 1979 dismissed because balance of taxes not paid until December 16, 1979); Woodlake Heights Homeowners Ass'n v. Middletown Twp., 7 N.J. Tax 364, 368 (App.Div. 1984) (complaint dismissed because fourth quarter taxes were due and payable before the complaint was filed); Stewart v. Hamilton Twp., 7 N.J. Tax 368, 372-373 (Tax Ct. 1985). However, the cases relied on for defendant's argument specifically address the payment of taxes due on the original assessment for the tax year.
N.J.S.A. 54:4-63.39 speaks to appeals from omitted assessments:
Appeals from assessor's omitted assessments shall be made to the county board of taxation on or before December 1 of the year of levy and the county board shall hear all such appeals within 1 month after the last day for filing *489 such appeals. Appeals to the tax court from the judgment of the county board of taxation shall be made within 45 days from the date fixed for final decisions by the county board of taxation on appeals from assessor's omitted assessments. In all other respects such appeals shall be governed by the laws concerning appeals from real and personal property assessments.
Noting that the last sentence of the statute requires that "in all other respects such appeals shall be governed by the laws concerning appeals from real and personal property assessments," the Township argues that the jurisdictional requirement for prepayment of taxes is applicable to omitted or added assessments.
Judge Kahn held that the prepayment of taxes is not a jurisdictional prerequisite to filing an appeal from an omitted assessment. He stated:
In filing conventional appeals to the County Board, prepayment of taxes due and payable is a jurisdictional prerequisite. Woodlake Heights Homeowners Ass'n v. Middletown Tp. 7 N.J. Tax 364 (Tax Ct. 1984). The municipality's need to receive timely payments of tax collections in conventional appeals is based on the financial hardship which would result from an interruption in the flow of tax revenues. See Lecross Associates v. City Partners, 168 N.J. Super. 96 (App.Div. 1979); Schneider v. City of East Orange, 196 N.J. Super. 587 (App. Div. 1984). I find that such is not the case with respect to added and omitted assessments. The added and omitted assessment appeal statutes are completely silent with respect to the payment of taxes. An omitted tax is not budgeted as a revenue. A municipality does not rely on the collection of these omitted taxes to operate its government or meet required expenses.
I find that an unwarranted strain would be placed on legislative construction to attempt to argue that the prepayment provision of N.J.S.A. 54:3-27 or N.J.S.A. 54:51A-1, which clearly apply to conventional appeals, should apply to omitted assessments. N.J.S.A. 54:3-27, N.J.S.A. 54:2-39 and N.J.S.A. 54:3-24.3 were all adopted or amended as part of Chapter 375 of the Laws of 1977 and that the legislature had to have had knowledge of the fact that the two omitted and the added assessment acts were on the books. The legislature had to know that there was no provision for payment of such taxes as a condition to filing such appeals to the County Board and it had to know that by the changing of the tax payment requirements of N.J.S.A. 54:3-27 from the ninety percent to three quarters, it was not applying that requirement to the added and omitted appeal statutes which were and still remain silent with respect to the payment of taxes.
It is unreasonable to conclude that the legislature intended that any added or omitted taxes would have to be paid to either the County Board or to the Tax Court as a condition for taking such appeals. It is more reasonable to conclude that the prepayment provisions only apply to conventional appeals.
*490 We agree with Judge Kahn. Two methods are available to impose omitted assessments. N.J.S.A. 54:4-63.12 et seq.[2] requires a complaint to be filed by the municipality, its agents or by a taxpayer with the County Board. No tax is payable under this procedure until a judgment is rendered. N.J.S.A. 54:4-63.20. Prior to 1968, the County Boards had exclusive jurisdiction to impose omitted assessments under this procedure. N.J.S.A. 54:4-63.12; N.J.S.A. 54:3-20.
In 1968 an alternative method was enacted (L. 1968, c. 184). Under this method the tax assessor prepares a list of omitted property (N.J.S.A. 54:4-63.32) and gives notice to the owner thereof (N.J.S.A. 54:4-63.35). Upon receipt of the list of omitted properties, the tax collector forwards an appropriate tax bill to the involved municipal taxpayers (N.J.S.A. 54:4-63.36). This method, selected here by the Township's assessor, imposes upon the taxpayer the obligation to contest the omitted assessment. N.J.S.A. 54:4-63.39. The Township contends that the Legislature required prepayment of the omitted tax when the alternate method is used, but no prepayment when the standard procedure is used.
Our cases have held that the validity of the requirement for prepayment of taxes on the original assessment has been based on the municipality's need to receive timely payments of tax collections and the fact that financial hardship would result if those tax revenues were held in abeyance pending appeals. Schneider v. City of East Orange, supra, 196 N.J. Super. at 593; Lecross Associates v. City Partners, 168 N.J. Super. 96, 99 (App.Div. 1979), certif. den. 81 N.J. 294 (1979). A municipality does not rely on the collection of omitted taxes unknown during the budget process to operate its government or meet its expenses in the tax year in which the omitted assessment is imposed. Presumably it would then be unaware of such assessments.
*491 Here, the property had been fully assessed for the tax years 1984 and 1985 and that tax had been paid. The tax assessor, who does not participate in the budget process, and indeed is not generally considered an agent of the municipality, see Horner v. Ocean Tp. Comm., 175 N.J. Super. 533, 538-539 (App.Div. 1980); Ream v. Kuhlman, 112 N.J. Super. 175, 190 (App.Div. 1970); Jeffers v. City of Jersey City, 8 N.J. Tax 313, 316-317 (Law Div. 1986), aff'd o.b. 214 N.J. Super. 584 (App.Div. 1987), prepared and served omitted assessment notices on the plaintiff for approximately $550,000 in taxes on or about November 1, 1985, with payment due that very same day. The omitted assessment can apply not only for the year of the assessment, but for the prior year, and thus an obvious hardship to the taxpayer may be created. Judge Kahn observed that it would be unconscionable to require a taxpayer to pay an allegedly illegal omitted assessment prior to challenging its legality. He relied on the settled principle that a municipality is not exempt from principles of fair dealing. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426-437 (1985); In re Appeal of Howard D. Johnson Co., 36 N.J. 443 (1962).
Another method of changing assessments is contained in the Added Assessment Law, N.J.S.A. 54:4-63.1 et seq. which was enacted in 1941 to provide for the taxation of real property, omitted through error, or for taxation of improvements or new construction completed after the annual assessment. The reasons behind the enactment of laws dealing with omitted and added assessments were explained in Appeal of N.Y. State Realty & Terminal Co., 21 N.J. 90, 97 (1956):
The theory of the Added Assessments Law and the Omitted Assessments Law is to provide means whereby new construction and property omitted from the tax rolls through design or inadvertence can be added and included and taxed from the appropriate date when added to the land or for the appropriate year in which it was omitted from the tax rolls. The effect of these acts is to aid in accomplishing a proper and equitable distribution of the tax burden.
In 1941 the manifestly unfair and disproportionate effect of the lack of any provision for the taxation of new construction completed after the annual assessment date which permitted new improvements to the land to remain free *492 of taxation for a period up to 12 months was cured by the enactment of L. 1941, c. 397.
The Added Assessment Law thus permits taxation of real property which became taxable during the year following the assessment date of October 1. This is intended to prevent those properties from escaping assessment until the next assessment occurs.
In our view, if the Legislature had intended to require payment of any added or omitted assessment, as levied prior to institution of a tax appeal, it would have expressed that intention clearly in the statutes. 2A Sutherland, Statutory Construction, § 46.03, p. 82-83. Because the statute is silent, and in light of the overall purpose of the act, it is not appropriate for us to supply language which the Legislature has obviously not included. McGlynn v. Public Broadcasting Co., 88 N.J. 112, 144 (1981). We thus hold that prepayment of the omitted assessment portion of the taxes was not required before seeking relief from the Tax Court.

II
The Township next argues that the Tax Court erred in holding that the municipality had no authority to utilize the omitted assessment procedure. The Township contends that the conversion of the premises from single unified ownership to cooperative ownership constitutes a proper basis for an omitted assessment. Judge Kahn held that a conversion which did not change the physical characteristics of the property was not the proper basis for an omitted assessment.
Omitted assessments can be imposed when there is new construction, improvements or a prior assessment error which causes a taxpayer to escape taxation. See Appeal of N.Y. State Realty & Terminal Co., supra, 21 N.J. at 97; Cherry Hill Industrial Properties v. Voorhees Twp., 186 N.J. Super. 307, 313-315 (App.Div. 1982), aff'd as mod. 91 N.J. 526 (1982) (procedure used to correct property improperly granted farm *493 land classification); Snyder v. South Plainfield, 1 N.J. Tax 3, 8 (Tax Ct. 1980).
Here, the alleged error was not caused by unfinished construction or an improper or erroneous basic assessment, but rather was based solely upon a conversion from rental units to cooperative units. This represents a challenge to the original assessment for the units, and not the imposition of an added assessment for improvements or an assessment omitted because of error. The Township could seek an increased assessment pursuant to N.J.S.A. 54:3-21, and it appears from the record before us that such a complaint was filed with the Tax Court in July 1985 involving that statute. We conclude that Judge Kahn correctly held that the omitted assessment provisions do not apply here.
We also note that as a general principle, equality of treatment in sharing the duty to pay real estate taxes is a constitutional right. Murnick v. Asbury Park, 95 N.J. 452, 458 (1984); Tri-Terminal Corp. v. Bor. of Edgewater, 68 N.J. 405, 409-410 (1975), cert. den. 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed. 2d 203 (1976). And see Atrium Development Corp. v. Continental Plaza Corp., 214 N.J. Super. 639 (App.Div. 1987). Nor do we quarrel with the general proposition that the tax assessor should, within the constitutional and statutory framework, be diligent in reviewing all assessments as required by statute. N.J.S.A. 54:4-23; Tri-Terminal Corp. v. Edgewater, supra, 68 N.J. at 413-414 (referring to requirement of law for "separate assessment of each parcel annually at its true value on the assessing date"). Cf. Tall Timbers, Inc. v. Vernon Tp., 5 N.J. Tax 299 (Tax Ct. 1983). Such review is required to be on a fair and uniform basis, however. As the Court noted in Tri-Terminal: "It is fundamental that a taxpayer is entitled to `treatment commensurate with that given his fellow taxpayers within the municipality' and that if it is not accorded, he is entitled to a judicial or quasi-judicial remedy." (68 N.J. at 409.) Here the tax assessor was attempting to use the omitted *494 assessment procedure to improperly single out the taxpayer for reassessment based merely on a sale, without proof of any omission from the tax rolls, and where there had been no physical changes or alterations to the property. Cf. Troy Village Realty Co. v. Springfield Tp., 191 N.J. Super. 559 (App.Div. 1983). Such an individualized reassessment could be construed as a prohibited "spot assessment". See Baldwin Const. Co. v. Essex Cty. Bd. of Taxation, 16 N.J. 329, 338-339 (1954). Cf. Ocean Pines Ltd. v. Borough of Point Pleasant, 213 N.J. Super. 351, 353 (App.Div. 1986), certif. granted, 107 N.J. 112 (1987).

III
We now turn to the Township's argument that the Tax Court lacked jurisdiction over the 1984 omitted assessment because there was no judgment of the County Tax Board as to that assessment. The Township, relying on Environmental Protection Dept. v. Franklin Twp., 3 N.J. Tax 105, 112-113, 181 N.J. Super. 309 (Tax Ct. 1981), aff'd 5 N.J. Tax 476 (App. Div. 1983), notes that N.J.S.A. 54:4-63.39 requires that "appeals to the Tax Court from the judgment of the county board of taxation shall be made within 45 days from the date fixed for final decisions by the county board of taxation on appeals from assessor's omitted assessments." Consideration of the cited case shows that it does not support the Township's argument. In Franklin Township the State had appealed from various County Tax Boards' affirmances of roll-back taxes under the Farm-Land Assessment Act against three parcels of land owned by the State. Id. at 109-110, 181 N.J. Super. 309. The State sought to utilize these appeals to overturn assessments placed on 45 other similarly situated parcels. The court held that in the absence of the timely filing of a petition of appeal, the Tax Court did not have jurisdiction. This is not the situation here. A timely appeal was filed with the Tax Court, and the issue was whether the County Board's inaction regarding the 1984 assessment can *495 be construed as an appealable decision. We conclude that Judge Kahn correctly held that it could.
Based upon a review of the pleadings filed in this case there can be no dispute that Inwood challenged both the 1984 and 1985 omitted assessments for the identical lot and block numbers and on the identical issues and that the municipality was on notice that both tax years were being appealed. Although the Township argues that Inwood improperly included both years on one appeal form, apparently it only paid one filing fee, nothing indicates that the Tax Board dismissed the petition on that basis or acted in any manner with respect to the 1984 assessment. Presumably payment of any additional required fee could have been demanded and obtained or the petitioner could have been advised to submit separate petitions rather than the Tax Board accepting the document as submitted. In any event, the Passaic County Board of Taxation did not enter judgment within the time required by N.J.S.A. 54:4-63.39. N.J.S.A. 54:51A-1 provides for appeal by "any party who is dissatisfied with the judgment, action or determination by the county board of taxation." Appeals to the Tax Court from omitted assessments must be filed "within 45 days from the date fixed for final decisions by the county board of taxation." N.J.S.A. 54:4-63.39.[3] The failure of the County Board to enter a judgment is the equivalent of an action or determination by that body. Inwood's appeal was taken within 45 days of the date fixed for a final decision, even though that decision was not rendered. In addition, Inwood's motion in the Tax Court to amend the complaint to plead the inaction of the County Board was granted. We agree with Judge Kahn that a taxpayer should not be barred from asserting a substantial right by the *496 inaction of the County Board over which the taxpayer has no control.

IV
Finally, we turn to the Township's argument that the appeal from the omitted assessment for 1985 was defective because there was no judgment entered by the County Board by November 29, 1985, the date of the original complaint in the Tax Court. We note initially that this matter was not presented to the judge of the Tax Court. Inwood did file its appeal from the omitted assessment with both the Passaic County Board of Taxation and the Tax Court on November 29, 1985. The decision of the County Board on the 1985 assessment was not entered until December 23, 1985. Inwood was subsequently allowed to amend its complaint asserting the judgment of the County Board. The Township does not argue that any prejudice resulted to it, and none appears, from the premature appeal before the Tax Court.
By way of analogy we observe that the Comments and Annotations to R. 4:9-3 of the Rules of Civil Practice regarding amended and supplemental pleadings, discuss the relation back of amendments and note:
What the rule does accomplish, consistent with the general aim and policy of these rules, is substantial justice on the merits by permitting a technical and otherwise fatal flaw to be corrected where such correction will not materially prejudice another party.
See Pressler, Current New Jersey Court Rules, Comment R. 4:9-3 (1987). See also R. 4:1 and comments thereto providing that the Rules of Civil Practice shall generally govern the procedures used in the Tax Court and R. 8:3-8(a) dealing with amendments to pleadings in the Tax Court in general. We would apply these principles equally to a prematurely filed complaint. In any event, in our view the amended complaint cured any defect, and the Tax Court properly assumed jurisdiction.
Affirmed.
NOTES
[1] The partnership transferred title to Inwood Sponsor Corp. by a deed dated July 17, 1984. Title was then transferred by deed of even date to Inwood for consideration of $1. The first deed was recorded on July 18, 1984 and the second deed was recorded August 2, 1984.
[2] L. 1947, c. 413.
[3] The statute provides for appeals to be made "to the county board of taxation on or before December 1 of the year of levy and the county board shall hear all such appeals within 1 month after the last day for filing such appeals."