RIMM, J.T.C.
This is a local property tax matter involving the payment of taxes to perfect an appeal from an added assessment. The appeal was brought under N.J.S.A. 54:4-63.11, dealing with appeals to the Tax Court from judgments of county boards of taxation on added assessments.
The matter was before me on the motion of the municipality to dismiss the complaint under N.J.S.A. 54:51A-1(b) on the ground that plaintiff had not paid the taxes due as a result of the added assessment and county board judgment at the time that it filed its complaint with the Tax Court. N.J.S.A. 54:51A-1(b) provides that taxes must be paid at the time of the filing of the complaint with the Tax Court appealing a judgment of a county board of taxation.
On the return day of the motion, I ruled that there is no requirement in the law that taxes be paid as a prerequisite to an appeal to the Tax Court of a judgment of a county board of taxation dealing with an added assessment. This opinion now amplifies and expands the decision rendered at the time of the hearing.

I.

Plaintiff owns commercial property at 799 Route 70, designated as Block 673, Lot 18 on the municipal tax map of Brick Township. For the 1995 tax year, the original assessment for the subject property was as follows:
Land $1,161,000
Improvements 150,700
Total $1,311,700.
*24 The taxes owed based on the regular assessment for 1995 were not paid until June 1996.
As of July 1, 1995, defendant’s assessor imposed an added assessment in the amount of $516,150 on the property. The added assessment was based on a twelve-month value of $1,032,300, prorated for six months in accordance with N.J.S.A. 54:4-63.3.
Plaintiff filed a petition of appeal with the Ocean County Board of Taxation challenging the assessment. The county board of taxation affirmed the added assessment by a judgment dated December 12, 1995. Thereafter, plaintiff filed a timely complaint with the Tax Court contesting the judgment of the county board of taxation. The municipality then filed the motion to dismiss plaintiffs complaint for nonpayment of taxes. In response to defendant’s motion, plaintiff contended that Inwood Owners v. Little Falls Tp., 216 N.J.Super. 485, 524 A.2d 441 (App.Div.), certif. denied, 108 N.J. 184, 528 A.2d 13 (1987), was dispositive of the issue and precluded dismissal of the complaint. In Inwood Owners, the Appellate Division ruled that taxes were not payable as a prerequisite to filing an appeal from the county board judgment affirming an omitted assessment. Inwood Owners, supra, 216 N.J.Super. at 492, 524 A.2d 441. In addition, the Appellate Division’s decision contained language that taxes were not payable as a prerequisite to filing an appeal from a county board judgment affirming an added assessment. Ibid.
Defendant replied to plaintiffs response seeking to distinguish Inwood Owners from the present case. Defendant argued as follows:
1. Since Inwood Owners actually involved only an omitted assessment, any language in the Appellate Division’s opinion relating to an added assessment was “merely dicta ” and not controlling.
2. Omitted assessments result from the assessor’s determining that he failed to make an assessment on property in the municipality. An added assessment results from the taxpayer’s completing *25 construction during the tax year. Thus, an added assessment results from something the taxpayer did while an omitted assessment results from an omission on the part of the assessor.
3. The municipality is required to pay a portion of the taxes from any added assessment it imposes to the county under N.J.S.A. 54:4-63.10. Accordingly, a taxpayer seeking to challenge an added assessment should be required to pay the taxes due as a result of the assessment as a prerequisite to any appeal.
4. The present case is further distinguishable from Inwood Owners because here, unlike the situation in Inwood Owners, the taxpayer had not paid the taxes owed on the regular assessment on its property at the time that it filed its complaint with the Tax Court challenging the added assessment.

II.

In Inwood Ovmers, the tax assessor attempted to increase the real property tax assessment on the taxpayer’s apartment complex by imposing omitted assessments for 1984 and 1985. Inwood Owners, supra, 216 N.J.Super. at 486-87, 524 A.2d 441. The taxpayer challenged the assessments in the county board of taxation and appealed the county board’s affirmance of the omitted assessments to the Tax Court. Id. at 487, 524 A.2d 441. In the Tax Court, the municipality moved to dismiss the complaint because the taxpayer had not paid the taxes due on the omitted assessments. Ibid. The Tax Court held that N.J.S.A. 54:51A-1(b) was not applicable to an appeal from an omitted assessment. Id. at 487-88, 524 A.2d 441. The Appellate Division affirmed the Tax Court’s ruling. Id. at 490-92, 524 A.2d 441. I now hold that N.J.S.A. 54:51A-1(b) is not applicable to an appeal from an added assessment. The applicable statutory provision, N.J.S.A 54:4-63.11, contains no payment of taxes requirement, and there is no jurisdictional requirement that taxes be paid to perfect an appeal from a county board judgment involving an added assessment.
While it is true that Inwood Owners concerned an omitted assessment and any language regarding added assessments in the *26 opinion is not controlling, the reasoning advanced by the Appellate Division in support of its conclusion applies with equal force to the issue in this case. In Inwood Owners, the Appellate Division explained that “the requirement for a prepayment of taxes on the original assessment has been based on the municipality’s need to receive timely payments of tax collections and the fact that financial hardship would result if those tax revenues were held in abeyance pending appeals.” Inwood Owners, supra at 490, 524 A.2d 441 (citing Schneider v. East Orange, 196 N.J.Super. 587, 593, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. denied 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986)). The Appellate Division recognized that “[a] municipality does not rely on the collection of omitted taxes unknown during the budget process to operate its government or meet its expenses in the tax year in which the omitted assessment is imposed. Presumably, it would then be unaware of such assessments.” Ibid. A municipality does not rely on the collection of taxes resulting from an added assessment in the preparation of its budget in the tax year for which the added assessment is imposed any more than it relies on the collection of taxes resulting from an omitted assessment. Cf. Bernstein v. Atlantic City, 15 N.J.Tax 576 (Tax 1996) (observing taxes resulting from increase in original assessment by county board of taxation are not relied on by municipality in formulation of its budget in holding that prepayment of those taxes is not prerequisite to Tax Court appeal of county board judgment).
Defendant attempts to distinguish between added and omitted assessments based on the manner in which each arises. While it is true that a taxpayer’s actions result in the imposition of an added assessment and an omission by an assessor results in the imposition of an omitted assessment, in terms of the legal and fiscal effects there is no difference between these two types of assessments.
Defendant argues that the requirement that a municipality pay a portion of the taxes from an added assessment to the county under N.J.S.A. 54:4-63.10 is a reason for requiring a taxpayer challenging an added assessment to pay the taxes due as a result *27 of the assessment as a prerequisite to any appeal. N.J.S.A. 54:4-63.10, entitled “Payments by municipality to county,” provides:
The municipality on February fifteenth of eaeh year shall, in addition to the regular installment of county taxes to be paid on said date, pay to the county an amount determined by multiplying the total amount of assessments in the added assessment list for the previous year by the county and State rate for the preceding year, and such amount shall be for the use of the county.
Defendant contends that the municipality needs the taxes to be paid pending the outcome of the appeal in order to meet its responsibility to the county under this statute.
Although N.J.S.A. 54:4-63.38 places the exact same burden on a municipality with regard to omitted assessments, the Appellate Division did not consider this argument in Inwood Owners. In any event, the need by the municipality for the taxes due to the county under N.J.S.A. 54:4-63.10 is insufficient to result in an outcome in this case different from the outcome in Inwood Owners.
The tax rate for property in Brick Township for 1995 was $2,304 per $100 of assessed valuation. The record indicates that, of the $2,304, $.4710 per $100 of assessed valuation constituted the amount due from the municipality to Ocean County under N.J.S.A. 54:4-74. Thus, the amount the municipality was required to pay to the county under N.J.S.A. 54:4-63.10, dealing with added assessments, was $.4710 per $100 of assessed valuation, or approximately 20% of the taxes due based on the added assessment.
In this ease, and in most cases, the payment of 20% of the taxes due as a result of added assessments would not severely burden the municipal treasury. There is clearly a difference between the ability of a municipality to fund its budget based on anticipated tax revenues and the requirement that a municipality pay to the county what is a relatively small percentage of taxes due on a relatively small part of a municipality’s tax base. See J.L. Muscarelle, Inc. v. Saddle Brook Tp., 14 N.J.Tax 453, 455 (Tax 1995) (Rimm, J.T.C. concurring) (discussing problems resulting from non-payment of taxes due on regular assessments). In addition, *28 N.J.S.A. 54:4-76 provides a vehicle for the payment of county taxes if there are not sufficient funds in the treasury available for such payments.
In Inwood Owners, the Appellate Division stressed that “if the Legislature had intended to require payment of any added or omitted assessment, as levied prior to the institution of a tax appeal, it would have expressed that intention clearly in the statutes.” Inwood Owners, supra at 492, 524 A.2d 441 (relying on 2A Sutherland, Statutory Construction § 46.03 (4th Ed.1986)). Inwood Owners was decided by the Appellate Division on April 2, 1987. In the more than nine years that have passed since that decision, the Legislature has not added any language to the statutory provisions for added or omitted assessments relating to a payment of taxes requirement. Where the Appellate Division has spoken in what is clearly an analogous case and the Legislature has, by its inaction, apparently conceded the validity of the Appellate Division’s interpretation of the statutes, I cannot act in contravention of that interpretation on an issue virtually indistinguishable from the issue decided in Inwood Owners.[1]
*29 Finally, defendant has asserted that the timing of the payment of the taxes due on the regular assessment for a property should control a taxpayer’s ability to appeal an added assessment on the property. There is no such requirement in either N.J.S.A. 54:51A-1(b) dealing with regular assessments, or in N.J.S.A. 54:4— 63.11, dealing with added assessments. Moreover, defendant has adequate remedies available under the law to deal with the nonpayment of taxes due on the regular assessment.

III.

Defendant’s motion was denied. Plaintiffs counsel prepared and submitted an appropriate order under R. 4:42-1(e) fixing a trial date on the issues of valuation and discrimination.

 Under N.J.S.A. 54:4-63.10 and NJ.S.A. 54:4-63.38, the municipality does not have to pay the county its portion of the omitted or added taxes until February 15. Throughout the time period of the county board appeal, then, there is no municipal need for the taxes based on added or omitted assessments. A need might arise if the taxpayer, dissatisfied with the county board judgment, appeals that judgment to the Tax Court under N.J.S.A. 54:4-63.11 for added assessments, and N.J.S.A. 54:4 — 63.39 for omitted assessments. Under those provisions, the taxpayer must appeal to the Tax Court within forty-five days of the date fixed for final decisions by the county board on added or omitted assessments. Thus, the taxpayer must appeal to the Tax Court by February 15. As in this case, however, the Tax Court will not decide such an appeal until beyond February 15. Under such circumstances, the municipality will be required to pay the county under N.J.S.A. 54:4 — 63.10, without the benefit of payment by the taxpayer. If such a payment is a burden on a municipality, the Legislature can require that taxes be paid on omitted and added assessments as a condition for filing an appeal to the Tax Court. In the alternative, the Legislature could provide that municipalities not pay the counties their share of added or omitted assessments until the time for appeals has expired or all appeals have been completed. But these are policy decisions for the Legislature, and the municipality's contention here is presented to the wrong forum.