SMALL, J.T.C.
In 1997, the tax assessor of West Deptford Township assessed the property of the plaintiff, Coastal Eagle Point Oil Co., in the total amount of $125,000,000. N.J.S.A 54:4-1 and -23. In 1998, pursuant to N.J.S.A. 54:4-63.31, the assessor placed an omitted assessment for 1997 on the same property in the amount of $34,997,346. Plaintiff filed an appeal on the underlying $125,000,000 assessment, and defendant filed a counterclaim; that matter is pending before this court (Docket No. 1650-1997). Plaintiff also filed an appeal of the omitted assessment with the Gloucester County Board of Taxation. The county board affirmed the omitted assessment, and plaintiff filed this action challenging the $34,997,346 omitted assessment. Plaintiff now moves for summary judgment to cancel the omitted assessment.
This case is part of the continuing litigation between plaintiff and the municipality dating back to 1985. See Coastal Eagle Point Oil Co. v. West Deptford Tp., 13 N.J.Tax 242 (Tax 1993), aff'd o.b. per curiam, 15 N.J.Tax 190 (App.Div.), certif. denied, 143 N.J. 320, 670 A.2d 1061 (1995). This litigation involves, among other issues, the consequences of amendments to N.J.S.A. 54:4-1 made by the Business Retention Act, L.1992, c. 24.
The issue before the court in this case is not the proper 1997 tax assessment of plaintiffs property, but whether the omitted assessment of $34,997,346 was proper as a matter of law.
For the reasons discussed below, I have determined that the omitted assessment was not proper and grant plaintiffs motion for summary judgment.
I.

THE TWO ASSESSMENTS

For the tax year 1994, West Deptford Township conducted a revaluation and placed new tax assessments on property located in the township. As part of the revaluation, it placed a value on the *125 subject property of $125,000,000. In accordance with the longstanding practice of assessors in New Jersey, and based on an appraisal report prepared by an appraiser hired by the municipality for the purpose of valuing the subject property, the assessment included all of the property of the taxpayer, including “the machinery, apparatus or equipment of [the] petroleum refinery that is directly used to manufacture petroleum products from crude oil in any of the series of petroleum refining processes commencing with the introduction of crude oil and ending with refined petroleum products” (the “process equipment”). N.J.S.A. 54:4-1. That assessment was carried over for the subsequent years and formed the basis of the 1997 assessment of $125,000,000.
As previously noted, in 1998 the assessor, in accordance with instructions received from the county board of taxation (presumably pursuant to its power granted by N.J.S.A. 54:4-1, which provides, “Property omitted from any assessment may be assessed by the county board of taxation, or otherwise, within such time and in such manner as shall be provided by law”) levied an omitted assessment on the subject property in the amount of $34,997,346. N.J.S.A. 54:4-63.31.[1] The two assessments appear in different sections of the assessor’s January 10 assessment list. The base ‘assessment appeal's in the normal real property tax section. The omitted assessment appears in that section of the list reserved for “tangible goods and chattels ... used in business of telephone, pipeline and messenger systems, companies, corporations or associations....” N.J.S.A. 54:4-1, as amended by L.1966, c. 138, § 1.
II.

CALCULATION OF THE OMITTED ASSESSMENT.

The Business Retention Act, (L.1992, c. 24), enacted in 1992, was designed to remove from the local property tax base certain *126 manufacturing equipment previously taxed as real property in order to make New Jersey a more attractive location for manufacturers. See General Motors Corp. v. City of Linden, 293 N.J.Super. 99, 102-03, 679 A.2d 718 (App.Div.1996), aff'd, 150 N.J. 522, 696 A 2d 683 (1997). See also, L. 1992, c. 24 §§ 2 and 3. Nevertheless, because petroleum process equipment was a substantial portion of the tax base in certain municipalities, the Act provided for its continued local taxation as personal property. Statement to S. 332 (1992) enacted as L.1992, c. 24. “To fail to provide municipalities the power to tax this class of personal property would cause a significant loss' of tax base in host municipalities .... ” Id.
Personal property taxable under this chapter shall include, however, only the machinery, apparatus or equipment of a petroleum refinery that is directly used to manufacture petroleum products from crude oil in any of the series of petroleum refining processes commencing with the introduction of crude oil and ending with refined petroleum products, but shall exclude items of machinery, apparatus or equipment which are located on the grounds of a petroleum refinery but which are not directly used to refine crude oil into petroleum products and the tangible goods and chattels, exclusive of inventories, used in business of local exchange telephone, telegraph and messenger systems, companies, corporations or associations that were subject to tax as of April 1, 1997 under P.L.1940, c. 4 (C:54:30A-16 et seq.) as amended, and shall not include any intangible personal property whatsoever whether or not such personalty is evidenced by a tangible or intangible chose in action except as otherwise provided by R.S. 54:4-20.
[N.J.S.A. 54:4-1.]
In accordance with that change, plaintiff was required to file, and for the tax year 1997 filed, a form PT 10.1, “Return of Machinery, Apparatus or Equipment of a Petroleum Refinery Directly Used to Manufacture Petroleum Products from Crude Oil.” Pursuant to the instructions on the form and the statutory prescription of N.J.S.A. 54:4-2.45, plaintiff calculated the taxable value of that property as of January 1, 1996 (for the 1997 tax year) to be $67,381,846 (the product of the statutorily depreciated value of $70,616,062 multiplied by 95.42%, the 1997 chapter 123 ratio for West Deptford Township pursuant to L.1973, c. 123, N.J.S.A. 54:1-35a and 35b).
That same process equipment had been included in the 1994 through 1997 assessments, which totaled $125,000,000. Within each such assessment, the appraiser performing the 1994 revaluation had calculated the true value of the process equipment to be *127 $32,384,500. Thus, the omitted assessment of $34,997,346 is the arithmetic difference between the value of the process equipment included in the original assessment and the taxable value of the process equipment calculated pursuant to N.J.S.A. 54:4-2.45:
$67,381,846
-32,384,500
$34,997,346.
The omitted assessment does not represent the assessment of any property not actually assessed in the original 1997 assessment, but the difference between the taxable value of the process equipment calculated by the revaluation appraiser, and adopted by the assessor, and the taxable value of the process equipment calculated by Coastal pursuant to N.J.S.A. 54:4-2.45 as of January 1, 1996.
Although the, assessor had not placed any value for the property on that part of her January 10, 1997 assessment list captioned “tangible personal property,” she had included its value in her listing of real property for that year. The parties agree that the failure of the assessor to list the property as tangible personal property will not preclude her from taxing it in 1997, whether, as a matter of law, it should be taxed as personal or as real property. They agree that the listing of the property on the list is sufficient to permit taxation; and whether the property is listed as real or personal has no more significance than the division of a real property assessment into “land” and “improvements” components. See N.J.S.A. 54:4-26.
The division of an assessment between land and improvements is an administrative act required by statute. N.J.S.A. 54:4-26. The separate assessments lor the land and improvement components of a property do not necessarily represent the lair market value of those components. In re Kents Appeal, 34 N.J. 21, 33-34 [166 A.2d 763] (1961).
[Glen Wall Assoc. v. Wall Tp., 6 N.J.Tax 24, 29 (Tax 1983), aff'd 6 N J.Tax 448 (App.Div.1984), rev’d, 99 N.J. 265 [491 A 2d 1247] (1985) (in which the Supreme Court did not overrule, distinguish or cite In re Appeals of Kents).]
There is a dispute as to how the process equipment should be valued. Plaintiff argues fair market value, pursuant to N.J.S.A. 54:4-2.44. The municipality argues that the statutory presumption based on a formula with an upper limit on the percentage depreci *128 ation (80%) allowed by N.J.S.A. 54:4-2.45 is conclusive. That issue will be resolved in the companion cases in which both parties challenge the 1997 $125,000,000 assessment.
The consequence of this omitted assessment was to require plaintiff to pay approximately one million dollars in addition to the regularly assessed property tax, with respect to the 1997 tax year. The reason for this is that, in accordance with the statute, although local property tax on real property is to be assessed at fan- market value, the presumptive fair market value of business personal property subject to local property tax is based on a statutory formula. N.J.S.A 54:4-2.45 and -2.47 (but see N.J.S.A. 54:4-2.44). That formula, when applied to the facts in this case, results in a higher assessment than the valuation of the property in accordance with the report of the municipality’s expei’t’s in 1994. Plaintiff contests the conclusiveness of the formula, but concedes that it establishes a presumptively correct value. In effect, the shifting of a certain portion of property already assessed as real property to that line of the assessment rolls reserved for taxable personal property resulted in a $34,997,346 increase in the tax base and an approximate one million dollar additional tax liability.
Plaintiff argues that this change in value is not a proper subject for an omitted assessment. See SLR Assocs. of Millville v. Millville, 11 N.J.Tax 1 (Tax 1989). The municipality argues that the assessment as business personal property was entirely omitted from the 1997 assessment and therefore, an omitted assessment is proper.
III.

THE OMITTED ASSESSMENT STATUTE, ITS INTERPRETATION AND APPLICATION.

N.J.S.A. 54:4-63.31 provides:
In any lax year or in the next succeeding lax year the assessor of any taxing district, may in accordance with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year. The taxable value of such property shall be determined as of October 1 of the preceding year.
*129 In Inwood Owners v. Little Falls, 216 N.J.Super. 485, 492-94, 524 A.2d 441 (App.Div., cert. denied, 108 N.J. 184, 528 A.2d 13 (1987)), the court held that the conversion of an apartment house from a rental to cooperative form of ownership was not the appropriate basis for imposing an omitted assessment “where there had been no physical changes or alterations to the property.” Id. at 494, 524 A.2d 441.
In SLR Assocs. of Millville v. Millville, supra, 11 N.J.Tax 1, the court held that a clerical error in assessing a property at $750,000, instead of $2,753,000, could not be corrected by filing an omitted assessment of $2,003,000. The only remedies, the court suggested, were either a municipal appeal of the assessment, pursuant to N.J.S.A. 54:3-21, or the filing of a complaint under the correction of errors statute, N.J.S.A. 54:51A-7.
Omitted assessments may be imposed when a property or physical portions of a property have been entirely omitted from the original assessment. Boardwalk Properties v. Atlantic City, 5 N.J. Tax 192, 197-99 (Tax 1983). They may not be imposed where an assessor’s understanding of value has changed. Glen Pointe Assocs. v. Teaneck, 10 N.J.Tax 598, 601 (Tax 1989), aff'd, 12 N.J.Tax 127 (App.Div.1991). An assessor may impose an added assessment where there is additional construction subsequent to the assessing date. N.J.S.A 54:4-63.2 and -63.3. A taxing district may correct an assessor’s mistake in the amount of an assessment by filing a timely appeal. N.J.S.A. 54:3-21. Where an assessor has failed to assess taxable property, i.e., omitted it from his or her assessment list, he or she may make an omitted assessment. N.J.S.A 54:4-63.31.
In this case, the facts are clear that the assessor assessed the property which is the subject of the omitted assessment. What she failed to do was to assess it as personal property (as opposed to assessing it as real property). In effect, she placed it on the wrong line of her assessment roll. Both parties agree that the proper line on which the assessment should appear is the subject of a legal dispute which will be resolved as a consequence of the litigation involving the underlying tax assessment. How the *130 property must be valued is also a matter in dispute which will be decided in the context of the appeal of the original tax assessment. That the property is subject to taxation is undisputed, and that it was assessed is undisputed. The effect of the omitted assessment was only to change the value at which the property was assessed (personal property formula vs. fair market value assessment determined by the expert hired by the municipality). Accordingly, I find that the omitted assessment was improper under the decided ease law and must be canceled. This is not to say that an ultimate determination by this court that the property should be taxed as personal property and valued in accordance with the omitted assessment will not result in the payment of additional tax. The assessor’s attempt to accomplish this by the omitted assessment procedures was incorrect. Had the assessment of $34,977,346 for personal property, or, even better, an assessment for personal property of $67,381,846 (the value of the process equipment under the formula of N.J.S.A. 54:4-2.45) and $92,615,500[2] for real property, been made at the time of the original assessment in January 1997, plaintiff would have been obliged to pay the tax, pending the ultimate determination of taxable value.
The court will enter judgment granting plaintiffs motion and canceling the 1997 omitted assessment.

 The county board of taxation has the independent authority to make omitted assessments. N.J.S.A. 54:4-63 12 provides: "In any year or in the next succeeding year, the county board of taxation may, in accordance with the provisions of this act, assess any taxable property omitted from the assessment for the particular year.” See N.J.S.A. 54:4-63.13 for the procedures to be followed.

$125,000,000 (The value of all property at fair market value ("FMV”) - 32,384,500 (The value of the process equipment at FMV)
$ 92,615,500 (The value of the taxable property excluding process equipment at FMV)
It appears that in 1998, the assessor assessed Coastal Eagle's real property at $92,615,500 and the personal property at $67,575,592 (the $73,356,049 depreciated value from the PT 10.1 Form, times the 1998 chapter 123 ratio). See Tax Court Docket No. 2501-98.