**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0245-16T1

VICKI BOCELLE AND
RANDALL BOCELLE,

    Plaintiffs-Appellants,

v.

LAUREN K. CALDWELL AND
CHRISTOPHER MARTIN,

    Defendants-Respondents.

_____

        Submitted October 2, 2017 — Decided October 27, 2017

        Before Judges Ostrer and Whipple.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Atlantic
        County, Docket No. FD-01-0150-16.

        Faia & Frick, PC, attorneys for appellants
        (Carmen R. Faia, on the brief).

        Respondents have not filed a brief.

PER CURIAM

    Vicki and Randall Bocelle (grandparents), appeal from an
August 29, 2016 Family Part order modifying their visitation with
their now nine-year-old grandson. We reverse and remand in light

of our decision in <u>Slawinski v. Nicholas</u>, 448 <u>N.J. Super.</u> 25 (App. Div. 2016), which requires a showing of changed circumstances to modify a consent order granting visitation.

We discern the following relevant facts from the record. The grandson was born in July 2008, to Lauren Caldwell (mother) and Christopher Martin (father). The mother and father thereafter became estranged, and, in 2009, the father had two days parenting time with no overnights. The parents officially divorced in 2011. In August 2015, the father's visitation was modified to provide for weekends with his son.

From the time the child was about three-and-a-half years old until he was about seven years old, in August 2015, with the father on active military duty and the mother working weekends, the child spent most weekends, from Thursday to Sunday, at the grandparents' house. The child also spent holidays with his grandparents, including Christmas, Thanksgiving, and Easter. Additionally, the grandparents were involved with the child's education, including attending special event days at his school, such as parades and school parties.

Our review of the record reflects heightened animosity between the mother and the grandparents. The record includes allegations both sides engaged in hurtful and harassing conduct

on social media.  Past court-ordered family counseling sessions have been unsuccessful.

On August 5, 2015, the grandparents filed a verified complaint seeking custody of the child, or in the alternative, seeking parenting time.  On March 11, 2016, the Family Part entered a consent order granting the grandparents visitation for one Saturday per month.  Additionally, the grandparents continued to attend the child's school events, and occasionally babysat him overnight when requested by the father.

On June 8, 2016, the mother moved to terminate the grandparents' visitation and ban them from attending school events.  On August 24, 2016, the grandparents filed a cross-motion requesting modification to provide them with a full weekend of visitation per month, and permit them to attend all school events.

On August 29, 2016, the court conducted a short hearing and entered an order declaring grandparenting time to be at the discretion of either the mother or father, but permitting the grandparents to attend all school functions unless both the mother and father objected.  Without addressing the consent order, the judge determined under Moriarty v. Brandt, 177 N.J. 84 (2003), that the situation involved a dispute between grandparents and two fit parents, and the grandparents had not made a sufficient showing

of harm to the child to mandate guaranteed grandparent visitation. This appeal followed.

We reviews errors not brought to the trial court's attention under the plain error standard, and will not reverse unless the appellant shows that the error is "clearly capable of producing an unjust result."  R. 2:10-2.  When the parties do not raise an error before the appellate court, the appellate court may raise it, sua sponte, "where . . . it is manifest that justice requires consideration of an issue central to a correct resolution of the controversy[.]"  Ctr. for Molecular Med. and Immunology v. Twp. of Belleville, 357 N.J. Super. 41, 48 (App. Div. 2003) (quoting In re Appeal of Howard D. Johnson Co., 36 N.J. 443, 446 (1962)).

Our Supreme Court has said the grandparent-applicant bears the burden of establishing, by a preponderance of the evidence, that visitation is necessary to avoid harm to the child.  Moriarty, supra, 177 N.J. at 117; Major v. Maguire, 224 N.J. 1 (2016). However, once a parent enters into a consent order allowing grandparent visitation, a request to modify such an order must be supported by a prima facie showing of changed circumstances. Slawinski, supra, 448 N.J. Super. at 34 (citing Lepis v. Lepis, 83 N.J. 139 (1980)); see Bisbing v. Bisbing, ___ N.J. ___, ___ (2017) (slip op. at 45).

4

The burden is on the moving party to show a change in circumstances. <u>Abouzahr v. Matera-Abouzahr</u>, 361 <u>N.J. Super.</u> 135, 152 (App. Div.), <u>certif. denied</u>, 178 <u>N.J.</u> 34 (2003); <u>Mimkon v. Ford</u>, 66 <u>N.J.</u> 426, 438 (1975); <u>Sheehan v. Sheehan</u>, 51 <u>N.J. Super.</u> 276, 287 (App. Div. 1958). The change in circumstances must be such "as would warrant relief" from the provisions involved, and must involve the child's welfare. <u>Slawinski</u>, <u>supra</u>, 448 <u>N.J. Super.</u> at 33-35 (quoting <u>Lepis</u>, <u>supra</u>, 83 <u>N.J.</u> at 157).

Once the change in circumstances has been proven, the arrangements made by consent shall then be revised "based on the factors and standards that otherwise govern." <u>Ibid.</u> Thus, once a party established changed circumstances sufficient to warrant modifying the consent order, only then does the question of harm to the child come into play. <u>Id.</u> at 36; <u>Lepis</u>, <u>supra</u>, 83 <u>N.J.</u> at 157.

Here, the trial judge skipped this threshold step by jumping directly to a determination there was no harm to the child. Instead, the mother was permitted to unilaterally terminate the grandparent's visitation by removing their guaranteed one-day-per-month visitation and replacing it with a discretionary arrangement.

Neither party argued changed circumstances at the hearing, nor did the trial court consider whether the circumstances had

changed from those present when the consent order was entered. However, "justice requires consideration of an issue" as central as whether changed circumstances warrant a modification of the order. Ctr. for Molecular Med. and Immunology v. Twp. of Belleville, supra, 357 N.J. Super. at 48. Furthermore, under the terms of the order as it stands, the parents in their discretion can cut off all visitation with the child, a situation that is "clearly capable of producing an unjust result." R. 2:10-2.

Accordingly, we reverse and remand for the trial court to consider the motions consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0245-16T1